Kevin O'BRIEN, Plaintiff,

v.

Robert Theodore WEBER, Defendant,

and

Thomas B. Allen and Mary Agnes Allen, a partnership, doing business as A & B Trucking Co., Defendants.

Civ. No. 13618.

United States District Court
W. D. Pennsylvania.

Sept. 14, 1955.

Leo J. Kelly, Jr., Pittsburgh, Pa., for plaintiff.

William C. Walker, Dalzell, Pringle, Bradin & Martin, Pittsburgh, Pa., for defendant.

SORG, District Judge.

The plaintiff, Kevin O'Brien, brings this suit for personal injuries sustained in a collision which occurred in this district on June 1, 1954. The plaintiff was a passenger in an automobile driven by defendant Robert Theodore Weber and which collided with a truck owned by the defendants, Thomas B. Allen and Mary Agnes Allen, partners, doing business as A & B Trucking Company.

The plaintiff is a resident of the State of New York; the defendant, Weber, is a resident of the State of Michigan; and the defendants, Thomas B. Allen and Mary Agnes Allen, are residents of the State of Ohio.

The defendants, Thomas B. Allen and Mary Agnes Allen, without objecting to venue, entered an appearance and answered the plaintiff's complaint, thereby waiving their right to object to venue.

The defendant, Weber, filed a Motion to Dismiss under 28 U.S.C.A. § 1391(a), June 25, 1948, c. 646, 62 Stat. 935, which provides as follows:

"(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside."

It is clearly decided in Olberding v. Illinois Central Railroad Co., Inc., 1953, 346 U.S. 338, 74 S.Ct. 83, 98 L.Ed. 39, that venue is not established by mere use of the highways under the Pennsylvania non-resident motorist statute, 75 P.S.Pa. § 1201.

It follows, therefore, that if all defendants had seasonably objected to venue, the dismissal of this case would be mandatory. The only questions, then, involved are: 1) whether or not the waiver of the defendants Allen establishes venue as to all parties and 2) whether or not the motion of the defendant Weber to dismiss, if granted, should be made to apply to all defendants.

The answer to both questions lies in the personal nature of the privilege to be sued only in the district of one's own residence or that of the one bringing suit. "A venue statute gives a 'personal privilege' to a defendant which he may assert or waive at his election." Paramount Pictures v. Rodney, 3 Cir., 186 F.2d 111, 113, citing Commercial Casualty Ins. Co. v. Consolidated Stone Co., 278 U.S. 177, 49 S.Ct. 98, 73 L.Ed. 252. As was held in United Office and Professional Workers of America v. Smiley, D.C., 75 F.Supp. 695, citing Ladew v. Tennessee Copper Co., 218 U.S. 357 and 369, 31 S.Ct. 81, 54 L.Ed. 1069, the fact that a party is properly before the Court and consented to be made a codefendant did not deprive other defendants of the right to object to venue.

The motion is granted and the complaint dismissed, without prejudice, as to the defendant Weber.