LASTER v GOTTSCHALK

1. VENUE—CHANGE OF VENUE—COURT RULES.

A change of venue is mandatory when venue is improperly laid and a timely motion is made (GCR 1963, 404).

2. VENUE—CHANGE OF VENUE—WAIVER.

A waiver by one defendant of objection to venue improperly laid does not thereby transform it into properly laid venue so as to deprive a codefendant of his right to mandatory change of venue upon timely motion if venue as to the codefendant is also improperly laid (GCR 1963, 404, 406).

3. VENUE—WAIVER.

Waiver of venue is personal to a defendant and he may assert or waive his privilege at his election.

Appeal from Oakland, Arthur E. Moore, J. Submitted Division 2 June 9, 1972, at Detroit. (Docket No. 12785.) Decided August 30, 1972.

Complaint by Nadine Laster, for herself and as next friend of Elayne Laster, against Charles Gottschalk and Ronald Gottschalk and the Macomb County Board of Road Commissioners for damages resulting from an automobile accident. Defendant road commissioners' motion for change of venue denied. Defendant road commissioners appeal by leave granted. Reversed.

*Daner, Freeman, McKenzie & Matthews,* for defendant road commissioners.

REFERENCES FOR POINTS IN HEADNOTES
[1] 56 Am Jur, Venue § 42 *et seq.*
[2, 3] 56 Am Jur, Venue § 46.

*Davidson, Gotshall, Kohl, Nelson, Secrest, Wardle & Lynch,* for defendants Charles and Ronald Gottschalk.

Before: DANHOF, P. J., and LEVIN and BORRADAILE,* JJ.

BORRADAILE, J. This interlocutory appeal from Oakland County Circuit Court on leave granted was submitted to us on the following agreed statement of facts.

"1) Litigation commenced on January 20, 1971, between Elayne Laster, by her next friend, Nadine Laster, and Nadine Laster, individually, as plaintiffs -vs- Charles Gottschalk, a resident of Frankenmuth, Michigan, and Ronald Gottschalk, a resident of Kinde, Michigan, as defendants, resulting from an automobile accident occurring in Macomb County, Michigan, on January 1, 1971.

"2) Answer by defendants Gottschalk on February 17, 1971.

"3) Motion by defendants Gottschalk to add Board of County Road Commissioners of the County of Macomb as third party defendant on March 18, 1971.

"4) Order adding Board of County Road Commissioners of the County of Macomb as third party defendant on March 31, 1971.

"5) Board of County Road Commissioners of the County of Macomb served with third party complaint on June 2, 1971.

"6) Motion for change of venue improperly laid filed by Board of County Road Commissioners of the County of Macomb on June 28, 1971.

"7) Order entered by the court to add the Board of County Road Commissioners of the County of Macomb as principal party defendant entered upon stipulation of attorneys, Noel A. Gage, for plaintiffs, and Roger F. Wardle, for defendants Gottschalk on June 30, 1971.

"8) First amended complaint filed by plaintiffs on July 7, 1971.

---

* Probate judge, sitting on the Court of Appeals by assignment.

"9) Answer by defendants Gottschalk to plaintiffs' amended complaint filed on July 16, 1971.

"10) Board of County. Road Commissioners of the County of Macomb served with plaintiffs' amended complaint on August 31, 1971.

"11) Oral argument before the court on motion by Board of County Road Commissioners of the County of Macomb for change of venue improperly laid held on August 4, 1971, at which time the court ruled that it would allow plaintiffs ten days to amend their complaint to add the Board of County Road Commissioners of the County of Macomb as a principal-party defendant, and upon the failure of the plaintiffs to so act within said time, the court would enter an order granting the motion for change of venue improperly laid.

"12) Oral argument on motion for rehearing by defendant Board of County Road Commissioners of the County of Macomb, on motion for change of venue improperly laid held on the 15th day of September, 1971, at which time the court denied said motion by order, a true copy of which order has been previously filed with this honorable court, on the premise that if the Board of County Road Commissioners of the County of Macomb was a principal defendant it would have no basis to object to venue improperly laid, and as a basis for said denial made inquiry of the plaintiffs and defendants as to where the proposed witnesses to be called in said cause of action were located. Board of County Road Commissioners of the County of Macomb reiterated that whether or not it was a third party defendant or a principal defendant, and whether or not the remaining defendants waived objection to improper venue, the Board of County Road Commissioners of the County of Macomb, upon timely objection, could still insist on change of venue, and that change of venue under GCR 1963, 404 was mandatory."

The sole issue is: When venue is improper as to all parties but it has been waived by the original defendants can a subsequently added defendant make a timely objection to the venue under GCR 1963, 404?

The parties agree that the cause of action arose in Macomb County and that the Board of County Road Commissioners of the County of Macomb is established in Macomb County. They also agree that defendants Charles and Ronald Gottschalk are not residents of Oakland County, but that by filing an answer to the complaint they waived objection to the venue being improperly laid. The defendants-appellees maintain that by waiving their objection to venue they established a proper venue and when the defendant board was added as a defendant it could not object to venue under GCR 1963, 404 which makes a change of venue mandatory. The Gottschalks argue that defendant board had to make its objection under either GCR 1963, 406(2), or 407 which leave a change of venue a matter for the discretion of the court.

GCR 1963, 404 reads:

"The venue of any civil action improperly laid shall be changed by order of the court on timely motion by any defendant, or may be changed by the court on its own motion. The court shall order the change at plaintiff's cost, which may include reasonable compensation for defendant's expense, including reasonable attorney's fees, in attending in the wrong county. No further proceedings shall be had in the case after transfer until the costs and expenses allowed under this rule have been paid, and if they are not paid within 60 days from the date of the order of change of venue the case shall be dismissed by the court to which it was transferred."

This Court said in *DesJardin v Lynn*, 6 Mich App 439, 443 (1967), that change of venue is mandatory, not discretionary, under this court rule when a timely motion is made and venue is improperly laid.

GCR 1963, 406 reads:

"When causes of action are joined and when 1 or more of the causes of action, had separate actions been filed, would not have been proper in the county where venue for the joined action is laid, a defendant may move the court to separate the causes of action so joined and to transfer the cause or causes of action for which venue would not have been proper to a proper county.

"(1) Improper Joinder. If such causes of action were improperly joined, the court must, on timely motion, order the cause or causes for which venue would not have been proper transferred to a proper county, at plaintiff's cost, which may include reasonable compensation for defendant's expense, including reasonable attorney's fees, in attending in the wrong county.

"(2) Proper Joinder. If such causes of action were properly joined, the court in its discretion may order, upon timely motion, the transfer of all causes, the separation and transfer moved for, or it may retain the whole case for trial."

GCR 1963, 407 reads:

"Venue may be changed to a proper county on the motion of any defendant on an appropriate showing that

"(1) the sole basis of the venue of the action is the fact that a co-defendant is established in the county of venue, and

"(2) the joinder of such defendant was not made in good faith but was made solely to control the venue of the action.

"A transfer under this rule shall be made at plaintiff's cost which may include reasonable compensation for defendant's expense, including reasonable attorney's fees, made necessary to accomplish the transfer."

Careful comparison of the quoted court rules reveals that Rule 404 applies when the venue is improperly laid as to all defendants. Rule 406 applies when causes of action are joined and the

venue in at least one cause of action is properly laid and the venue in at least one cause of action would not be properly laid except for the joinder of the causes of action. Rule 407 applies when causes of action are joined and the sole basis of the venue is the fact that a codefendant is established in the county of venue and the joinder was not made in good faith. As said by the authors in 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 283:

"Rule 406 is concerned with situations in which venue complications arise from the joinder of causes of action which would have to be brought in different counties if sued upon separately. If causes of action have been joined which all have venue in the same county, it is not a matter for the concern of Rule 406. For if joined causes all having the same venue are brought in the proper county, the only basis for a change of venue would be inconvenience or prejudice under Rule 403. And if joined causes having the same venue are brought in the wrong county, it is simply a matter of change of venue improperly laid under Rule 404. Venue complications arising from the joinder of parties are covered by Rule 407.

"As explained above, RJA § 1641 validates venue so long as the action is brought in a county which would be proper for any one of the causes of action if sued upon separately. Therefore, the question under Rule 406 is not one of proper venue. The venue is proper. The question is the propriety of joinder and whether the action should be transferred, in whole or in part, for reasons of good judicial administration. The rule divides treatment of the topic into situations where they have been properly joined, and situations where they have been improperly joined."

The facts of the present case bring it within Rule 404 unless the waiver by the Gottschalks transformed the improperly laid venue into properly laid venue. Although defendants-appellees

make that argument, no case was cited that supports it.

It was held in *O'Brien v Weber,* 137 F Supp 684 (WD Pa, 1955), that under the Federal venue statute the fact that two of the three defendants waived any objection to venue did not deprive the other defendant of the right to object to venue.

In *Beneficial Industrial Loan Corp v Kline,* 41 F Supp 854 (SD Iowa, 1941), the court discussed the issue of venue under an earlier Federal venue statute and said that the waiver of venue by one defendant did not automatically waive venue as to a codefendant.

In the present case the defendants-appellees' waiver of venue did not transform the improperly laid venue into properly laid venue. Waiver of venue is personal to a defendant, and he may assert or waive this personal privilege at his election. *O'Brien v Weber, supra.* Rule 404 provides for change of venue on timely motion by *any* defendant which is consistent with the ruling under the Federal venue statute.

Since the defendant board did nothing itself that could be construed as a waiver of venue and defendants Gottschalks' waiver will not be imputed to the board, we hold that the trial court was required by Rule 404 to grant the defendant board's timely motion for a change of venue.

Reversed, costs to be assessed as provided by GCR 1963, 404.

All concurred.