406 A.2d 1132

**Linda GOGETS, Appellant,**

v.

**Paul GOGETS.**

Superior Court of Pennsylvania.

Argued Dec. 4, 1978.

Decided June 29, 1979.

Amy L. Putnam, Lancaster, for appellant.

Paul Gogets, appellee, in pro. per.

Before PRICE, SPAETH and WATKINS, JJ.

SPAETH, Judge:

This is an appeal from an order of the Lancaster County Court of Common Pleas vacating all proceedings pursuant to appellant's complaint for divorce because of improper venue, but permitting appellant to transfer her complaint to Lebanon County, where both she and her husband reside.

Appellant filed a complaint for divorce against appellee in Lancaster County. Six days later the sheriff of Lebanon County, who had been deputized by the sheriff of Lancaster County, personally served appellee with a copy of the complaint. Appellee filed no preliminary objections to the complaint. A master was appointed and a hearing was held; although appellee had received notice of the hearing, he did not attend. The master found that on the facts, appellant was entitled to a divorce. He concluded, however, that Lancaster County did not have venue of the case, and therefore recommended that the action be transferred to Lebanon County, so that a decree of divorce could be entered there. The Lancaster County court then issued the order that is the subject of this appeal.

The critical point to bear in mind is that this case does not involve a question of jurisdiction. As Goodrich-Amram states: "[T]he question of which county in the state may entertain [the] divorce action is not a question of jurisdiction; this is a question of venue." Goodrich-Amram 2d § 1122:4.[1] Although Pa.R.Civ.P. 1122 states that "[t]he

[1] There is no doubt that the Lancaster County court had jurisdiction over this case. The court had subject matter jurisdiction, for it is empowered as a Court of Common Pleas to grant a divorce to a plaintiff who has been a resident of Pennsylvania for more than one

[divorce] action may be brought in and only in the county in which the plaintiff or the defendant resides," in *Hohlstein v. Hohlstein*, 223 Pa.Super. 348, 296 A.2d 886 (1972), we ordered that a divorce action between residents of Cumberland County should proceed in Dauphin County because the defendant had waived any objection to venue. In that case, the defendant's attorney entered an appearance on behalf of the defendant, but he did not file any preliminary objections, attend the master's hearing, or file any exceptions to the master's report. Although we rejected the plaintiff's argument that the defendant had waived any objection to improper venue by having his attorney enter an appearance, we agreed that such waiver had occurred because of the defendant's failure to file the appropriate preliminary objection. 223 Pa.Super. at 352, 296 A.2d at 888. We stated that "[t]he proper manner in which a party may raise improper venue is by preliminary objection, and if it is 'not so raised shall be waived.' Pa.R.C.P. § 1006(e)." 223 Pa.Super. at 352, 296 A.2d at 888.

Similarly, here appellee has waived his right to object to improper venue by his failure to file the appropriate preliminary objection. In his report the master distinguished *Hohlstein* on the ground that there the defendant's attorney had entered an appearance, whereas here appellee did not. This distinction is premised on a misreading of *Hohlstein* ; the dispositive fact there was not that the defendant had entered an appearance but that he had failed to file a preliminary objection. In its opinion the lower court cited *Esposito v. Esposito*, 74 D. & C.2d 331 (1975). The court there, however, also misread *Hohlstein*, suggesting that it was "bottomed" on the fact that the defendant's attorney had entered an appearance. The court went on to say that "if plaintiff's position here was approved, nothing would pre-

year before the filing of the complaint. Act of May 2, 1929, P.L. 1237, § 16, 23 P.S. § 16, *as amended by*, Act of Sept. 27, 1955, P.L. 606, § 1, 23 P.S. § 16. The court had personal jurisdiction over appellee, for as the defendant he was served in accordance with Pa.R.Civ.P. 1124(a)(1), which allows the sheriff of the county in which the action is brought to "deputize the sheriff of any county in which the defendant may be found to serve him."

vent a spouse residing in Philadelphia County from instituting an action in Erie County and obtaining jurisdiction simply because the husband served in Philadelphia by deputization did not appear to contest venue. The interest of the state in the preservation of marriage prohibits the approval of such a practice." 74 D. & C. at 334. We do not agree. If the defendant is properly served, and thereby given adequate notice of the suit, it is not overly burdensome to require him to file a preliminary objection to venue, if venue is indeed improper, and if he chooses to raise the point. Pa.R.Civ.P. § 1006(e) provides an efficient method for dealing with objections to venue, and it must be followed. *Cf. Monaco v. Montgomery Cab Co.*, 417 Pa. 135, 138 n. 1, 208 A.2d 252, 254 n. 1 (1965) ("the Rules [of Civil Procedure] provide a clear and expeditious method for eliciting and waiving jurisdictional objections").

In light of the fact that appellee waived any objection to venue, the lower court should not have raised this issue *sua sponte. Hohlstein v. Hohlstein, supra* 223 Pa.Super. at 353, 296 A.2d at 889.

The order of the lower court is reversed and the case is remanded with instructions that the court decide on the merits whether a decree of divorce should be entered.