DEBRA HINES, Indiv. and as Adm'r of the Estate of Michael Hines, Plaintiff-Appellee, v. DRESSER INDUSTRIES, INC., *et al.*, Defendants-Appellants.

Fifth District   No. 5—84—0766

Opinion filed September 19, 1985.

Leritz, Reinert & Duree, P.C., of St. Louis, Missouri (David M. Duree, of counsel), for appellants.

Amiel Cueto, of Cueto, Daley, Williams & Moore, Ltd., of Belleville, for appellee.

PRESIDING JUSTICE JONES delivered the opinion of the court:

In a case of first impression in Illinois, we consider whether a waiver of objection to an improper venue by one defendant to a lawsuit precludes a codefendant from making his own objection to the improper venue. Pursuant to Supreme Court Rule 308 (87 Ill. 2d R. 308), we granted defendants' application for leave to appeal from an order of the trial court that denied the separate motions of the defendants to dismiss or, in the alternative, to transfer venue. The questions certified by the trial court were:

"(a) When a tort action is filed in a county of Illinois in which the transaction or occurrence did not. occur and in which neither the Plaintiff nor either of the two Defendants reside, does the failure of one Defendant to challenge venue within the 30 days after service of summons upon that Defendant under 110 IL Rev Stat sec. 2—104(b) [having been filed one day late] preclude the other Defendant from challenging venue with a

timely filed motion?

(b) Does the failure to challenge venue within the 30 days after service of summons provided under 110 IL Rev. Stat sec. 2—104(b) [having been filed one day late] waive the venue issue when the complaint does not plead the county of the occurrence or transaction in a tort action and does not plead the county of residence of either of the Defendants in that action?"

The facts may be briefly stated. Plaintiff, as special administrator of the estate of her deceased husband, filed a two-count complaint in the circuit court of St. Clair County on April 16, 1984, naming as defendants Dresser Industries, Inc., and Mark Lowe, alleging that they had caused the death of her husband by the negligent operation of a truck. The truck was owned by Dresser Industries, Inc., and, at the time of the accident, driven by Mark Lowe, its employee. The plaintiff's complaint alleged that the accident occurred "in Shilo Township, Illinois Route 37 ***." Defendant Dresser Industries was served with summons and a copy of the complaint on April 26, 1984, by service upon its registered agent, C T Corporation, in Chicago, on April 26, 1984. Because of a weekend and a holiday, a responsive pleading was not due from Dresser Industries until May 29, 1984. On May 30, 1984, one day late, Dresser Industries filed its motion to dismiss or, in the alternative, to transfer the case to Jefferson County, the county where the accident had occurred. Defendant Mark Lowe, through the same counsel as Dresser Industries, entered his appearance in the case on June 11, 1984, prior to service of summons, by filing his own motion to dismiss or, in the alternative, to transfer because of improper venue. The motion of Mark Lowe attacking venue was thus timely filed. An amended complaint was subsequently filed and defendants' motions attacking venue were refiled, all without effect upon the venue issue presented. By order entered November 19, 1984, the trial court denied the motion to dismiss or transfer venue filed by Dresser Industries because it was not timely filed. The same order also denied the motion to dismiss or transfer venue filed by Mark Lowe "in that the court has found that this Court has jurisdiction over co-defendant, Dresser Industries, Inc." Thus, the trial court held that since it had acquired "jurisdiction" over one of the two defendants because of a waiver of objection to an improper venue, the second defendant was precluded from objecting to an improper venue as to himself.

■■ Although the trial court considered the matter as one of acquiring jurisdiction over the parties, it is to be noted that the issue presented is not one of jurisdiction; rather, it is one of proper venue.

After the defendant Dresser Industries failed to make timely objection to an improper venue, the question presented to the trial court was whether the failure of one defendant to object to an improper venue, deemed to be a waiver of such objection, precludes the codefendant from also making his own objection to an improper venue? We believe the answer to this question must be no.

The venue statutes pertinent to this action are sections 2—101 and 2—102 of the Civil Practice Law (Ill. Rev. Stat. 1983, ch. 110, pars. 2—101, 2—102). Under the provisions of section 2—101, every action must be commenced in the county of residence of any defendant who is joined in good faith and with probable cause for the purpose of obtaining a judgment against him or her and not solely for the purpose of fixing venue in that county, or in the county in which the transaction or some part thereof occurred out of which the cause of action arose. Under section 2—102, a foreign corporation authorized to transact business in this State is a resident of any county in which it has its registered office or other office or is doing business.

The transaction that gave rise to the cause of action involved in this case, a collision between two trucks, occurred in Jefferson County, Illinois. The case was filed in St. Clair County, Illinois. Neither the individual defendant nor the corporate defendant was a resident of St. Clair County. The complaint filed by plaintiff alleged that the collision occurred in "Shilo Township, Illinois Route 37." An amended complaint, filed after both defendants had moved for a change of venue (as we have said, untimely as to Dresser Industries), alleged only that the collision occurred "at Illinois Route 37."

The facts relating to venue, in addition to the sparse references in plaintiff's complaint and amended complaint, are gathered from affidavits attached to the separate motions of the defendants to transfer to a proper venue. The affidavit supporting the motion of Dresser Industries relates that it is a Delaware corporation with its principal office in Dallas, Texas, and it transacts no business in St. Clair County. The affidavit of the individual defendant, attached to his motion, relates that he is a resident of Jefferson County and that the collision in question occurred in Jefferson County. The facts relating to the venue question were not controverted in any counteraffidavits supplied by plaintiff. Thus, the county selected by the plaintiff to file her lawsuit bore no relation whatever to the residence of either defendant or to the situs of the accident that gave rise to the cause of action.

Since the motion of Dresser Industries to transfer venue was filed one day after the day upon which it was required to appear, its objection to venue is to be deemed waived pursuant to section 2—104(b) of

the Civil Practice Law (Ill. Rev. Stat. 1983, ch. 110, par. 2—104(b)). We find the decisions of Illinois courts repeatedly holding that a defendant may insist upon proper venue or he may waive it. (*Turner v. Commonwealth Edison Co.* (1978), 63 Ill. App. 3d 693, 380 N.E.2d 477; *O'Laughlin v. O'Laughlin* (1955), 4 Ill. App. 2d 323, 124 N.E.2d 88.) In *United Biscuit Co. of America v. Voss Truck Lines, Inc.* (1950), 407 Ill. 488, 95 N.E.2d 439, the supreme court quoted as follows from its 1916 opinion in *Iles v. Heidenreich* (1916), 271 Ill. 480, 485, 111 N.E. 524, 525:

> " 'It has been frequently and uniformly held that the [venue] statute confers a privilege upon one who is made defendant in a suit, of which he can avail himself if he chooses, but if he does not plead his privilege in apt time he will be regarded as having waived it and submitted to the jurisdiction of the court.' " 407 Ill. 488, 501, 95 N.E.2d 439, 445-46.

It is not questioned that plaintiff commenced her action in an improper venue and that Dresser Industries waived its objection thereto. The crux of the issue in this case, then, is the effect of the waiver of objection to venue by Dresser Industries upon the rights of the remaining defendant to object to the improper venue. The plaintiff argues that the effect of the waiver of Dresser Industries is to give rise to a presumption that St. Clair County is a proper venue as to it by virtue of its doing business there and that it is, pursuant to section 2—102 of the Civil Practice Law, a resident of that county. The plaintiff further argues that since Dresser Industries is presumed a resident of St. Clair County, the venue is proper as to all defendants. But we disagree.

In *Stambaugh v. International Harvester Co.* (1984), 102 Ill. 2d 250, 464 N.E.2d 1011, the supreme court considered the Illinois law of venue in some depth. Although the particular issue in this case was not presented in *Stambaugh*, we find some of the observations made there pertinent because they express the policy foundations of the law of venue. Those policy foundations were contained in a quotation from *Blakey v. Commonwealth Edison Co.* (1977), 52 Ill. App. 3d 454, 456, 367 N.E.2d 529, 531, adopted by the court in *Stambaugh*:

> " 'Proper venue is an important privilege which is given great weight in Illinois. For example, it was held in *Martin-Trigona v. Roderick* (1975), 29 Ill. App. 3d 553, 331 N.E.2d 100, that a waiver of venue clause in a lease is void as contrary to public policy. ***
>
> "The legislature clearly meant to protect a defendant against being sued in a county arbitrarily selected by a plain-

tiff, wherein the defendant does not reside, or in which no part of the transaction occurred which gave rise to the cause of action. If a plaintiff could so select the county to bring his suit, obviously a defendant would be entirely at his mercy, since such an action could be made oppressive and unbearably costly." (329 Ill. App. 408, 414, 69 N.E.2d 97, 99.)'

See also *Winn v. Vogel* (1952), 345 Ill. App. 425, 103 N.E.2d 673, where the court reversed for failure to transfer venue, stating:

"The Practice Act *** provides that a defendant shall not be sued in actions like this, outside the county of his residence. There are exceptions, of which the only one pertinent here is that the suit may be in the county where the transaction, or some part thereof, occurred. *This is a valuable privilege conferred upon the defendant,* which he may waive, but his right to insist upon it in apt time by proper objection, motion or plea, has always been recognized. ***" ' (Emphasis in original.) *Blakey v. Commonwealth Edison Co.* (1977), 52 Ill. App. 3d 454, 456." (*Stambaugh v. International Harvester Co.* (1984), 102 Ill. 2d 250, 260-61, 464 N.E.2d 1011, 1015-16.)

The *Stambaugh* court also used the following from its opinion in *Baltimore & Ohio R.R. Co. v. Mosele* (1977), 67 Ill. 2d 321, 328, 368 N.E.2d 88, 91:

" 'The Illinois venue statute is designed to insure that the action will be brought in a location convenient to the defendant, by providing for venue in the county of residence, or convenient to potential witnesses, by allowing for venue where the cause of action arose. Sunderland, *Observations on the Illinois Civil Practice Act*, 28 Ill. L. Rev. 861 (1934).' (*Baltimore & Ohio R.R. Co. v. Mosele* (1977), 67 Ill. 2d 321, 328.)" *Stambaugh v. International Harvester Co.* (1984), 102 Ill. 2d 250, 261-62, 464 N.E.2d 1011, 1016.

■ We have found no Illinois case in point on the issue before us. Nevertheless, having reference to the policy matters as expressed above from the *Stambaugh* case and cases from other jurisdictions, we are persuaded that waiver of objection to an improper venue by one defendant will not preclude an objection to improper venue by a codefendant. The waiver of objection to improper venue by Dresser Industries did not serve to transform the improperly laid venue to a properly laid venue. Waiver of venue is personal to a defendant, and he may assert or waive this personal privilege.

Defendant Dresser Industries contends that since plaintiff's complaint failed to allege the county in which the collision occurred, it should not be held to have waived its venue objection. Plaintiff counters the argument by correctly noting that there is no requirement that venue facts must be alleged in a complaint asserting a cause of action as stated by the plaintiff. Plaintiff's failure to plead venue facts, if not indicative of a modicum of deviousness, at least constituted a departure from the generally prevailing practice. However, no weight can be ascribed to plaintiff's omission to plead venue facts, since no law requires it and a contrary holding would serve to nullify section 2—104(b), which prescribes waiver for failure to assert improper venue in a timely manner.

Although, as noted, we have found no Illinois cases that consider the issue presented by this case, there is ample authority from other jurisdictions that indicates that the result we have reached is the correct one. Our research, though somewhat cursory, has nevertheless been sufficient to convince us that we are following the general rule adopted in both the Federal and State courts. See, *e.g., O'Brien v. Weber* (W.D. Pa. 1955), 137 F. Supp. 684; *Beneficial Industrial Loan Corp. v. Kline* (S.D. Iowa 1941), 41 F. Supp. 854; *Laster v. Gottschalk* (Mich. 1972), 202 N.W.2d 562; *In re Estate of Hobein* (Fla. 1970), 238 So. 2d 497; *State ex rel. Bowden v. Jensen* (Mo. 1962), 359 S.W.2d 343; *City of Cleveland v. Cheatham* (Okla. 1955), 285 P.2d 205.

We conclude with a quotation from *Baltimore & Ohio R.R. Co. v. Mosele* (1977), 67 Ill. 2d 321, 329, 368 N.E.2d 88, 92, used by the court in *Stambaugh v. International Harvester Co.*, which we believe to be particularly appropriate:

"To uphold venue over the defendant in St. Clair County 'would have the effect of negating the principle of convenience upon which section 5 of the Act is based' and 'would be to allow the institution of actions in locations with little connection with the defendant and with no connection with the activities which give rise to the suit.' " *Stambaugh v. International Harvester Co.* (1984), 102 Ill. 2d 250, 262, 464 N.E.2d 1011, 1016.

We reverse the order of the trial court insofar as it denied the motion of Mark Lowe to transfer the case to Jefferson County; we affirm the order of the trial court insofar as it denied the motion of Dresser Industries, Inc., to transfer the case to Jefferson County.

Reversed in part, affirmed in part, and remanded.

KASSERMAN and WELCH, JJ., concur.