536 A.2d 1388

Margaret McLAIN, as Executrix of the Estate of John T. McLain, Deceased, and Margaret McLain, Individually, and Douglas McLain, Appellants,

v.

ARNEYTOWN TRUCKING CO., INC. and Robert J. Houghton and Cannel Trucking Co. and George Shifflett, Appellees.

Superior Court of Pennsylvania.

Argued Oct. 6, 1987.

Filed Feb. 4, 1988.

John Baldante, Philadelphia, for appellants.

Susan E. Satkowski, Philadelphia, for Arneytown, appellees.

Before CIRILLO, President Judge, and WIEAND and OLSZEWSKI, JJ.

WIEAND, Judge:

The principal issue in this appeal is whether improper venue can be waived by one defendant in such a manner as to preclude a second defendant from interposing a successful objection to such venue. The trial court rejected such an argument, sustained preliminary objections to venue by one defendant, and transferred the action to the county in which the cause of action had arisen. We affirm.

On May 11, 1984, at or about 3:00 a.m., two tractor-trailer units collided on the Pennsylvania Turnpike in Lancaster County. Moments later, a vehicle driven by John McLain ran into one of the units involved in the prior collision. John McLain was killed and Douglas McLain, a passenger, was injured. Margaret McLain, the executrix of the estate of John McLain, deceased, and Douglas McLain filed a civil action in Philadelphia. Named as defendants were Arneytown Trucking, Inc. and Cannel Trucking Co., the owners of the units, and Robert J. Houghton and George Shifflett, the drivers of the units. The complaint alleged that Arneytown Trucking was a New Jersey corporation with offices in Trenton, New Jersey; Cannel Trucking Company was an Ohio corporation, located in Youngstown, Ohio; Houghton was a resident of Barrington, New Jersey; and Shifflett was a resident of Somerset County, Pennsylvania. The plaintiffs were residents of Ocean County, New Jersey.

Arneytown Trucking and Houghton filed preliminary objections challenging venue in Philadelphia. They also requested a transfer of venue to Lancaster County on grounds that it would be more convenient to parties and witnesses if the case were tried in Lancaster County. Cannel Trucking and Shifflett, however, filed an answer containing new matter; they did not file preliminary objections challenging venue.

Depositions thereafter were taken and disclosed that Arneytown Trucking did not maintain an office or telephone in Philadelphia, did not have employees in Philadelphia, did not advertise or have customers in Philadelphia, and did not contract with businesses in Philadelphia. Its trucks, however, passed through Philadelphia and sporadically made pickups in Philadelphia. Only one percent of its truck mileage involved travel through Philadelphia. Other depositions disclosed that Cannel Trucking also did not maintain offices and did not have employees, customers, accounts, or clients in Philadelphia. Based on the foregoing facts, the trial court sustained the preliminary objections filed by Arneytown Trucking and Houghton and transferred the matter to Lancaster County. Plaintiffs appealed.

With respect to an action against a corporation, Pa.R.C.P. 2179(a) permits the action to "be brought in and only in

(1) the county where its registered office or principal place of business is located;

(2) a county where it regularly conducts business;

(3) the county where the cause of action arose; or

(4) a county where a transaction or occurrence took place out of which the cause of action arose.

With respect to the bringing of an action against an individual, Pa.R.C.P. 1006(a) provides that such an action may be brought "in and only in a county in which he may be served or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose or in any other county authorized by law." In the instant case, our attention must also be focused on Pa.R. C.P. 1006(c), which provides as follows:

(c) An action to enforce a joint or joint and several liability against two or more defendants, except actions in which the Commonwealth is a party defendant, may be brought against all defendants in any county in which the venue may be laid against any one of the defendants under the general rules of Subdivisions (a) or (b).

It is apparent from the foregoing that neither Houghton nor Shifflett could properly have been sued in Philadelphia. Houghton was a resident of New Jersey, and Shifflett was a resident of Somerset County, Pennsylvania. Both of these defendants, however, could properly have been sued in Lancaster County, where the accident occurred.[1]

The trial court found also that neither Arneytown Trucking nor Cannel Trucking regularly conducted business in Philadelphia. The evidence supports this finding. Therefore, the trial court could properly conclude, as it did, that venue could not properly be laid against either corporate defendant in Philadelphia. Because the cause of action arose in Lancaster County, however, both trucking defendants could have been sued in Lancaster County.

1. Because Shifflett could have been served in Somerset County, venue in this action could also have been laid in that county.

Appellants' principal argument is that Cannel Trucking and Shifflett did not object to being sued in Philadelphia and, therefore, waived objection to venue in that county. Because this was sufficient to enable the court in Philadelphia to hear the case, appellants contend, the rule in Pa.R. C.P. 1006(c) precludes Arneytown Trucking and Houghton from objecting to venue in Philadelphia. We cannot accept this argument.

It is correct, as appellants argue, that a defendant's right to object to venue is a personal privilege and may be waived so long as the court has jurisdiction to hear the matter. See: 39 P.L.E. Venue § 21. See also: *Wolf v. Weymers*, 285 Pa.Super. 361, 367, 427 A.2d 678, 680–681 (1981); *Hohlstein v. Hohlstein*, 223 Pa.Super. 348, 353, 296 A.2d 886, 889 (1972); *Shulman v. Wynnewood Co.*, 191 Pa.Super. 66, 68–69, 155 A.2d 392, 393–394 (1959). Thus, Pa.R.C.P. 1006(e) provides that "[i]mproper venue shall be raised by preliminary objection and if not so raised shall be waived." See also: *Triffin v. Turner*, 348 Pa.Super. 6, 8, 501 A.2d 271, 272 (1985); *Gogets v. Gogets*, 267 Pa.Super. 458, 460, 406 A.2d 1132, 1133 (1979). Cannel Trucking and Shifflett, by failing to file preliminary objections and by filing instead an answer on the merits, waived any objection which they might otherwise have had to venue.

Whether such a waiver would bind other defendants and, by virtue of Pa.R.C.P. 1006(c), preclude other defendants from raising questions of improper venue has not previously been addressed by the appellate courts of this Commonwealth. The Court of Common Pleas of Bucks County, however, has rejected an argument similar to that advanced by appellants. In *Lane v. Continental Traveller, Inc.*, 69 Pa.D. & C.2d 523 (Bucks Co. 1975), the plaintiffs had commenced an action to recover for personal injuries against two defendants. Although venue was improper in Bucks County as to both defendants, neither defendant objected and thereby waived any challenge to venue. When one of the defendants joined additional defendants, however, one of the additional defendants objected and filed

preliminary objections. The joining defendant argued "that since neither original defendant had raised the issue of venue, any impropriety as to venue [had been] waived...." *Id.* at 525. The court held that the additional defendant was not bound by the waiver of an adverse party, *id.* at 525, and transferred the entire action to Berks County, where the cause of action had arisen.

The courts of other jurisdictions have achieved similar results. Thus, in *Hines v. Dresser Industries, Inc.,* 137 Ill.App.3d 7, 91 Ill.Dec. 842, 484 N.E.2d 401 (1985), where the plaintiff had commenced an action against two defendants in an improper county, one defendant waived any objection to the improper venue. This caused the trial court to hold that "since it had acquired 'jurisdiction' over one of the two defendants because of a waiver of objection to an improper venue, the second defendant was precluded from objecting to an improper venue as to himself." *Id.* at 8, 91 Ill.Dec. at 844, 484 N.E.2d at 403. On appeal, the trial court was reversed. The appellate court held that

> waiver of objection to an improper venue by one defendant will not preclude an objection to improper venue by a codefendant. The waiver of objection to improper venue by Dresser Industries did not serve to transform the improperly laid venue to a properly laid venue. Waiver of venue is personal to a defendant, and he may assert or waive this personal privilege.

*Id.* at 11, 91 Ill.Dec. 846, 484 N.E.2d at 405. Similarly, in *City of Cleveland v. Cheatham,* 285 P.2d 205 (Okla.1955), the plaintiff had commenced an action against an individual defendant and a corporate defendant in an improper county. The individual defendant waived any objection to venue, but the corporate defendant tendered an objection which the trial court overruled. The Supreme Court of Oklahoma issued a writ of prohibition preventing the trial court from proceeding further against the corporate defendant. With respect to the waiver by the individual defendant, the court said:

> The fact that one of several defendants submits to the jurisdiction of the court does not change the venue of the

cause of action. It is merely a waiver of that defendant's personal right to demand a trial of the case in the county where the venue is fixed by statute.... When the case was filed in Creek County, each defendant had a right to object, that right being personal to the respective defendants. When Beale appeared generally without first objecting to jurisdiction of the court because of venue, he waived his right but that could have no effect on the co-defendant, the City of Pawnee. That entry of appearance did not change the venue as fixed by statute. The municipality had the right to object which it did in proper manner at all stages possible. Its motion should have been sustained.

*Id.* at 207. See also: *O'Brien v. Weber,* 137 F.Supp. 684 (W.D.Pa.1955) (waiver of improper venue does not deprive other defendants of right to object to venue); *Hodges v. General Shale Products Corp.,* 346 So.2d 416 (Ala.1977) (transfer of entire action is preferred where venue is improper, notwithstanding waiver by one defendant); *Marshall v. Benedict,* 161 Cal.App.2d 284, 326 P.2d 516 (1958) (defendant cannot be denied right to change of venue by waiver of any other defendant); *Gardner v. International Harvester Co.,* 113 Ill.2d 535, 101 Ill.Dec. 842, 499 N.E.2d 430 (1986) (waiver of improper venue by one defendant does not necessarily bind other defendants); *Simmons v. Hope Contractors, Inc.,* 447 So.2d 638 (La.Ct.App.1984) (it is error to force party to litigate in improper venue because of waiver of rights by another party); *Laster v. Gottschalk,* 42 Mich.App. 596, 202 N.W.2d 562 (1972) (waiver of improper venue by original defendants is not binding on additional defendant).

Appellants' reliance upon this Court's decision in *Ro–Med Construction Co., Inc. v. Clyde M. Bartley Co., Inc.,* 239 Pa.Super. 311, 361 A.2d 808 (1976), is misplaced. In that case, plaintiff had commenced an action in Lawrence County against an individual defendant and a corporate defendant. The corporate defendant objected to venue, but the objection was overruled. On appeal, this Court affirmed. The Court said that it assumed venue to be proper in the

case of the individual defendant who had filed no preliminary objections and that proper venue as to the individual defendant would support the action in Lawrence County. However, the complaint had alleged that the individual defendant was a resident of Lawrence County. This fact, coupled with the absence of objections, permitted the Court to assume that venue was proper with respect to the individual defendant. Therefore, the decision does not support appellants' position in this case, where, as we have seen, venue in Philadelphia was improper as to all defendants.

We conclude, therefore, that it would have been error for the trial court to force Arneytown Trucking and Houghton to litigate this action in Philadelphia merely because Cannel Trucking and Shifflett, who were adverse parties, failed to object to the improper venue. That waiver did not have the effect of establishing proper venue for all remaining defendants. To hold otherwise would be to permit one defendant to unilaterally deprive an adverse party of a personal right to object to an improper forum.

The trial court properly transferred venue to Lancaster County where the accident occurred and the cause of action arose.

Order affirmed.