IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mary Kyung Kim and John Kyung   :
Kim, husband and wife             :
                                      :
         v.               :  7 C.D. 2020
                                        :  Argued: November 18, 2021
Commonwealth of Pennsylvania,   :
Department of Transportation,    :
Allan Myers, LP, and Alfred Salvitti  :
and Guidemark                :
                                      :
Appeal of: Allan Myers, LP       :


BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE ELLEN CEISLER, Judge

OPINION BY JUDGE WOJCIK              FILED: February 9, 2022

Allan Myers, LP, (Defendant Myers) appeals by permission from the November 6, 2019 order of the Philadelphia County Court of Common Pleas (trial court) that overruled its preliminary objections (POs) to improper venue asserted under Section 8523(a) of the Judicial Code, commonly referred to as the Sovereign Immunity Act, 42 Pa. C.S. §8523(a) (Section 8523(a)). Defendant Myers argues that the trial court erred in determining that the right to object to venue under Section 8523(a) is a unilateral right belonging to the Commonwealth, which cannot be asserted by non-Commonwealth codefendants. Upon review, we reverse and remand.

## I. Background

On May 5, 2019, Mary Kyung Kim and John Kyung Kim (Plaintiffs), husband and wife, filed a civil action Complaint in the trial court against three

defendants: Defendant Myers, Alfred Salvitti (Defendant Salvitti), and the Pennsylvania Department of Transportation (PennDOT). The tort action arises out of a June 17, 2017 motor vehicle accident, involving a single car, occurring in Middletown Township, Delaware County. Plaintiffs allege that Mary Kim sustained injuries when she drove her car off State Route 452, also known as Pennell Road, in Middletown Township and crashed into a roadside property containing boulders. Plaintiffs blame the accident on lack of fog lines in a construction zone and a roadside "boulder garden." Route 452 is a state road maintained by PennDOT; Defendant Myers is a limited partnership based in Worcester, Montgomery County, and is PennDOT's construction contractor on Route 452; and Defendant Salvitti is the owner of the roadside property with a "boulder garden" in Delaware County. Plaintiffs pleaded negligence claims and loss of consortium. Plaintiffs did not file the Complaint where they live or where the accident occurred, choosing instead to file suit in Philadelphia County.

In response, Defendants Myers and Salvitti (collectively, Defendants) both filed POs asserting that the trial court is an improper venue for litigation under Section 8523(a) because PennDOT is a Commonwealth entity and the accident did not occur in Philadelphia County. Section 8523(a) provides that a person may sue the Commonwealth for negligence "in and only in a county in which the principal office or local office of the Commonwealth party is located or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose." 42 Pa. C.S. §8523(a). In addition, Defendants argued that venue was improper because they do not regularly conduct business in Philadelphia County. Defendants requested a transfer to the Delaware County Court of Common Pleas.

2

While POs were pending, Defendant Myers filed a praecipe to join Guidemark, Inc. (Guidemark) as an additional defendant. During depositions, Plaintiffs discovered that Guidemark regularly conducts business in Philadelphia County.

Plaintiffs filed answers in opposition to the POs. Plaintiffs argued that only PennDOT can object to venue under Section 8523(a), and that PennDOT waived its objection to venue as part of a confidential settlement agreement with Plaintiffs that included consideration. Alternatively, Plaintiffs maintain that Rule 1006 of the Pennsylvania Rules of Civil Procedure, Pa.R.Civ.P. 1006 (Rule 1006), governs Defendants' venue objections. Rule 1006 provides that venue is proper over a civil action if venue is proper against one defendant if the plaintiff seeks to impose joint or joint-and-several liability against multiple defendants. Although Defendant Myers claims that it does not regularly conduct business in Philadelphia County, it joined Guidemark, which does. PennDOT did not file POs or an answer to Plaintiffs' Complaint, but filed a joinder to Plaintiffs' response in opposition to the POs thereby joining Plaintiffs' response that Defendants lack standing to raise improper venue under Section 8523(a). Defendants filed replies.

On November 6, 2019, the trial court heard oral argument as to whether venue was proper in Philadelphia County. During argument, counsel for PennDOT asserted that Section 8523(a) is "meant for the benefit of government entities. Other Defendants cannot use PennDOT's waiver venue provision to subvert PennDOT's properly entered into settlement agreement." Trial Court Op., 11/16/20, at 2 (quoting Notes of Testimony (N.T.), 11/6/19, at 11); *see* Reproduced Record (R.R.) at 278a. The trial court found that, since PennDOT is a party to the action, pursuant to Section 8523(a), venue would be proper only in Delaware County where the

accident occurred. However, PennDOT waived its right to Section 8523(a)'s venue protections as part of its settlement agreement with Plaintiffs. The trial court determined that Section 8523(a) is a unilateral privilege belonging to the Commonwealth entities alone and cannot be enforced by private parties. By interlocutory order dated November 6, 2019, the trial court overruled Defendants' POs as to improper venue.

Defendant Myers moved for reconsideration or certification, which the trial court denied. Defendant Myers then filed a petition for permission to appeal, which this Court granted.[1]

## II. Issue

In this case of first impression, we are asked to determine whether a Commonwealth defendant has a unilateral right to object to improper venue under Section 8523(a), or whether any non-Commonwealth codefendant may rely on that provision to argue that venue is improper.

## III. Discussion

Defendant Myers[2] argues that Section 8523(a) makes it clear that venue in civil actions against the Commonwealth is proper only in the county where the cause of action arose, or the county in which the relevant Commonwealth agency has its principal or local office. According to Defendant Myers, Section 8523(a) permits *any* defendant to object to venue as improper. Under the principles of statutory interpretation, Section 8523(a) does not grant the Commonwealth a

---

[1] Where an appeal involves questions of law, our standard of review is *de novo* and our scope of review is plenary. *MERSCORP, Inc. v. Delaware County*, 160 A.3d 961, 964 n.2 (Pa. Cmwlth. 2017), *aff'd*, 207 A.3d 855 (Pa. 2019).

[2] Defendant Salvitti filed an *amicus curiae* brief in support of Defendant Myers' appeal.

4

unilateral privilege to object to venue. Even if the text is ambiguous, other canons of statutory construction favor permitting any defendant to object to venue. For these reasons, this Court should reverse and remand with directions to transfer this case to the Delaware County Court of Common Pleas, which is the proper forum for Plaintiffs' suit under Section 8523(a).

In opposition, PennDOT acknowledges that while Rule 1006 generally governs venue in multi-defendant cases, this rule does not apply when the Commonwealth is a defendant. Rather, Section 8523(a), which is a provision within the Sovereign Immunity Act, controls in such cases, assuming that it is raised by the Commonwealth defendant. When PennDOT opted not to do that here, the other defendants could not "borrow" that special provision for their own benefit. Their ability to object to venue on this basis was foreclosed. Section 8523(a) is part of a larger statute enacted to serve the public interest by protecting the Commonwealth in multiple ways. Just as private parties cannot invoke other provisions of the Sovereign Immunity Act, *e.g.*, rules regarding service of process or limits on damages, they cannot take advantage of Section 8523(a) either.

Plaintiffs similarly argue that venue is proper in Philadelphia County. First, PennDOT is still a party in this case based on ongoing cross-claims brought against it by the other defendants. Second, Defendant Myers chose to join an additional defendant, Guidemark, which regularly conducts business in Philadelphia County, and filed its POs challenging venue as improper after having joined Guidemark. Third, the purpose of Section 8523(a) is to protect Commonwealth parties, and not private litigants, from suit in an inconvenient forum. Private litigants are provided less protection by the otherwise applicable rule, Rule 1006(c)(1), which dictates that all defendants are subject to the plaintiff's chosen forum if any one

5

defendant regularly conducts business in that forum. Finally, although Section 8523(a) does not address waiver, statutory silence cannot diminish the Commonwealth's prerogative or right, and should be construed strictly against private defendants. Therefore, this Court should construe Section 8523(a) as permitting PennDOT the unilateral discretion to determine whether waiver of the venue protection afforded exclusively to the sovereign is the best strategy to protect the Commonwealth, and affirm the trial court. To conclude otherwise would invalidate PennDOT's arms-length contractual decision to align with Plaintiffs. It would also unfairly afford Defendant Myers greater venue protection than would otherwise apply, particularly after it chose to join a party to the litigation that regularly conducts business in Philadelphia County.

We begin by examining Rule 1006, which generally governs venue. Rule 1006 provides, in relevant part:

> (a) Except as otherwise provided by subdivisions (a.1), (b) and (c) of this rule, *an action* against an individual *may be brought in and only in a county* in which
>
> (1) the individual may be served or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose or in any other county authorized by law, or
>
> (2) the property or a part of the property which is the subject matter of the action is located provided that equitable relief is sought with respect to the property.
>
> * * *
>
> (b) *Actions* against the following defendants, except as otherwise provided in subdivision (c), *may be brought in and only in the counties* designated by the following rules: political subdivisions, Rule 2103; partnerships, Rule 2130;

6

unincorporated associations, Rule 2156; corporations and similar entities, Rule 2179.

(c)(1) Except as otherwise provided by subdivision (c)(2), an action to enforce a joint or joint and several liability against two or more defendants, except actions in which the Commonwealth is a party defendant, *may be brought against all defendants in any county in which the venue may be laid against any one of the defendants under the general rules of subdivisions (a) or (b).*

Pa.R.Civ.P. 1006(a), (b), (c)(1) (Notes omitted and emphasis added).

Pursuant to Rule 1006, an action against an individual may only be brought in a county where "the individual may be served or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose or in any other county authorized by law[.]" *See* Pa.R.Civ.P. 1006(a)(1). Actions against partnerships or corporations may only be brought in the counties designated by Rules 2130 or 2179. When an action does not involve the Commonwealth as a defendant, an action to enforce a joint or joint-and-several liability against one or more defendants "may be brought against all defendants *in any county in which the venue may be laid against any one of the defendants under the general rules of subdivisions (a) or (b).*" *See* Pa.R.Civ.P. 1006(c)(1) (emphasis added).

Assuming that the Commonwealth was not a party defendant, Rule 1006 would trigger application of different venue rules to the multiple named defendants. Plaintiffs' claims against Defendant Salvitti, an individual, would appear to lie in Delaware County where Defendant Salvitti resides and where the accident happened. *See* Pa.R.Civ.P. 1006(a)(1). Plaintiffs' claims against Defendant Myers, a partnership, would appear to lie in Delaware County, where the accident happened; Philadelphia County, if, as alleged, Defendant Myers "regularly

7

conducts business" there; or even Montgomery County, where Defendant Myers is based. *See* Pa.R.Civ.P. 1006(b); Pa.R.Civ.P. 2130(a). An action against Guidemark, a corporation that regularly conducts business in Philadelphia County would appear to lie in Philadelphia County. In an action involving two or more defendants, venue may be proper in any county in which venue is appropriate against one of the defendants. Pa.R.Civ.P. 1006(c)(1).

However, Rule 1006(c)(1) specifically excludes actions in which the Commonwealth is a party defendant. Pa.R.Civ.P. 1006(c)(1) ("except actions in which the Commonwealth is a party defendant"). When the Commonwealth is a party defendant and there are multiple defendants subject to different venue rules, as is the case here, Rule 1006(a) and (b) do not apply. Pa.R.Civ.P. 1006 (a), (c)(1). Rather, the venue rules for the Commonwealth party[3] control. *Shaffer v. Department of Transportation*, 842 A.2d 989, 992-93 (Pa. Cmwlth. 2004) (citing *Ribnicky v. Yerex*, 701 A.2d 1348, 1351 n.4 (Pa. 1997)).

The applicable rule is Section 8523(a), which provides:

> *Actions* for claims against a Commonwealth party *may be brought in and only in a county in which the principal or local office of the Commonwealth party is located or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose.* If venue is obtained in the Twelfth Judicial District (Dauphin County) solely because the principal office of the Commonwealth party is located within it, any judge of the Court of Common Pleas of Dauphin County shall have the power to transfer the action to any appropriate county where venue would otherwise lie.

42 Pa. C.S. §8523(a) (emphasis added).

---

[3] Section 8501 of the Judicial Code defines "Commonwealth party" as "[a] Commonwealth agency and any employee thereof, but only with respect to an act within the scope of his office or employment." 42 Pa. C.S. §8501. It is beyond dispute that PennDOT is a Commonwealth agency.

8

Similarly, the regulation implementing Section 8523(a) provides in part:

> (a) Venue in actions for claims against a Commonwealth party as defined in 42 Pa. C.S. §8501 (relating to definitions) shall be in the county in which one of the following exists:
>
> (1) The cause of action arose.
>
> (2) A transaction or occurrence took place out of which the cause of action arose.
>
> (3) The principal office of the Commonwealth party is located.
>
> (4) The local office of the Commonwealth party is located.
>
> * * *
>
> (c) For purposes of subsection (a)(4), the local office of the Commonwealth party is the local office located in that county where the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose.

37 Pa. Code §111.4(a), (c).

Both Rule 1006 and Section 8523(a) turn on where the "actions" "may be brought" based upon various factors. 42 Pa. C.S. §8523(a); Pa.R.Civ.P. 1006(a)-(c); *see Ribnicky*, 701 A.2d at 1351.[4] It is the "action" that controls venue. *Ribnicky*,

---

[4] As our Supreme Court has explained:

> The term "action" as defined in the Pennsylvania Rules of Civil Procedure is "any civil action or proceeding at law or in equity brought in or appealed to any court of record which is subject to these rules." Pa.R.[Civ.]P. 2251. The dictionary definition of "action" is "a suit brought in a court; a formal complaint within the

**(Footnote continued on next page…)**

701 A.2d at 1351. For example, in *Ribnicky*, the defendants' joinder of the City of Philadelphia as an additional defendant constituted an "action" against a local agency triggering applicable venue rules such that the action "may be brought in and only in" the county were the local agency is located, the cause of action arose, or the transaction or occurrence took place. 701 A.2d at 1350-51; *see also Cummings v. Elinsky*, 803 A.2d 850, 852 (Pa. Cmwlth. 2002).

Venue is considered a procedural matter that is personal to the parties. *Hohlstein v. Hohlstein*, 296 A.2d 886, 889 (Pa. Super. 1972). Although a plaintiff may choose where to bring suit, a defendant may challenge venue. *Zappala v. Brandolini Property Management, Inc.*, 909 A.2d 1272, 1281 (Pa. 2006); Pa.R.Civ.P. 1028(a)(1). An objection to venue is a personal privilege belonging to the defendant, which may be waived by the defendant, but the court cannot on its own motion change venue or dismiss for improper venue. *Hohlstein*, 296 A.2d at 889; *see Fennell v. Guffey*, 25 A. 785, 785 (Pa. 1893).[5]

There are three grounds available to challenge venue: (1) improper venue, (2) *forum non conveniens*, and (3) inability to hold a fair and impartial trial. *Zappala*, 909 A.2d at 1281. Of these three grounds, a PO is "the exclusive method to challenge venue as 'improper'" at the outset. *Id.*; *accord* Pa.R.Civ.P. 1006(e) ("Improper venue shall be raised by [PO]. . . ."); *see* Pa.R.Civ.P. 1028(a)(1), *Note*. Conversely, "[f]*orum non conveniens* and inability to hold a fair and impartial trial

_____

jurisdiction of a court of law." Black's Law Dictionary 26 (5th ed.1979).

*Ribnicky*, 701 A.2d at 1351.

[5] Conversely, "matters affecting the substantive rights of the parties, *e.g.*, jurisdiction of the subject matter, may be raised at any stage by the parties or by the Court itself." *Hohlstein*, 296 A.2d at 889.

are raised by petition as provided by Rule 1006(d)(1) and (2)," not by PO.[6] Pa.R.Civ.P. 1028(a)(1), *Note*. Our focus here is on improper venue.

It is the dissatisfied defendant's responsibility to bring any improper venue issues to the court's attention by filing a PO promptly before the case advances in an inappropriate forum. *Zappala*, 909 A.2d at 1282. If a PO as to venue is not timely raised, it "*shall be waived*." *Id.* (emphasis added); *accord* Pa.R.Civ.P. 1006(e); *see* Pa.R.Civ.P. 1032(a) ("A party waives all defenses and objections which are not presented . . . by [PO] . . . ."). Aside from being waived by foregoing the right to file a formal venue objection by PO, a defendant's privilege to challenge venue may also be "waived by written agreement or waived by tacit agreement through participation in the proceedings." *Midwest Financial Acceptance Corp. v. Lopez*, 78 A.3d 614, 628 (Pa. Super. 2013); *see Leahy v. Pennsylvania Liquor Control Board*, 551 A.2d 1153, 1156 (Pa. Cmwlth. 1988) (recognizing "effective

---

[6] Under Rule 1006(d)(1), a defendant may invoke *forum non conveniens* "at any time" by filing a petition challenging the plaintiff's choice of forum as "oppressive or vexatious to the defendant," and not "merely inconvenient to him." *Zappala*, 909 A.2d at 1282-83. Unlike an improper venue challenge, this method "has little to do with whether the plaintiff's choice of forum is technically proper at the outset, because even if it is, the trial court is still vested with discretion to transfer the action to another county if the defendant meets his burden of proving that the forum is oppressive or vexatious." *Id.* at 1283.

Under Rule 1006(d)(2), a defendant may petition the court to find that a fair and impartial trial cannot be held in the plaintiff's chosen forum. *Zappala*, 909 A.2d at 1283. "Substantively, a Rule 1006(d)(2) petition is based on the inability to hold a fair and impartial trial in plaintiff's chosen forum. Procedurally, Rule 1006(d)(2) requires a petition and hearing thereon, but, like Rule 1006(d)(1), does not impose any time constraints on when a defendant may raise this issue." *Id.*

"[W]hile the failure to file a timely [PO] challenging improper venue pursuant to Rule 1006(e) waives the challenge, this is not the case for challenges brought pursuant to Rule 1006(d)(1) or (2), which may be raised by petition and, thus, are not subject to waiver at the [PO] stage." *Zappala*, 909 A.2d at 1284.

11

waiver" where the Commonwealth party "bargained away its right to file [POs] in exchange for an extension of time to file an answer" to complaint).

The question before us is whether the right to object to venue under Section 8523(a) belongs solely to the Commonwealth defendant or whether any other defendant in the action may assert this right. Defendant Myers contends that Defendants, as non-Commonwealth parties to an action involving a Commonwealth defendant, may assert improper venue under Section 8523(a), just as they could under Rule 1006 if the Commonwealth was not a party. In support, Defendant Myers relies upon the text of Section 8523(a) itself that a venue objection may be raised in "[a]ctions for claims against a Commonwealth party," without any limitation as to what party may assert that right. The Commonwealth and Plaintiffs counter that Section 8523(a), by virtue of its placement in the Sovereign Immunity Act, is for the benefit of the Commonwealth alone and, as such, may not be raised or waived by any non-Commonwealth party.

Indeed, Section 8523(a) is silent with regard to which party may assert this objection. Notably, so too is Rule 1006. As discussed above, an improper venue objection under Section 8523(a) or Rule 1006 may only be raised by PO. *Zappala.* Rule 1028(a)(1) of Pennsylvania Rules of Civil Procedure governs the procedure for POs and clearly provides that a PO on the ground of improper venue "may be filed by *any party.*" Pa.R.Civ.P. 1028(a)(1) (emphasis added). The rules of civil procedure promulgated by the Supreme Court have the same force and effect as statutes passed by the legislature. *Lohmiller v. Weidenbaugh*, 469 A.2d 578, 580 n.4 (Pa. 1983). Where a statute and rule relate to the same subject matter, they must be read *in pari materia* so that effect can be given to both. *Id.* The particular provision in one will control when the other provision is silent as to the matter. *Borough of*

12

*Millersville v. Lancaster Township*, 279 A.2d 349 (Pa. Cmwlth. 1971), *aff'd and remanded on other grounds*, 290 A.2d 102 (Pa. 1972). When Section 8523(a) and Rule 1028(a)(1) are read together, it becomes clear that any defendant in the litigation may raise an improper venue objection under Section 8523(a).

Next, we must determine whether PennDOT's decision to waive its objection to improper venue under Section 8523(a) precluded Defendants from objecting to venue on this basis. Defendant Myers relies upon *McLain v. Arneytown Trucking Co., Inc.*, 536 A.2d 1388 (Pa. Super. 1988),[7] to support its position that PennDOT's venue waiver cannot operate to preclude Defendants from objecting to venue.

In *McLain*, the Superior Court addressed whether improper venue can be waived by one defendant in such a manner as to preclude a codefendant from interposing a successful venue objection. *McLain*, 536 A.2d at 1388. There, the plaintiffs brought an action for injury and death occurring from a traffic accident on the Pennsylvania Turnpike in Lancaster County against four defendants, including two corporate trucking companies located in New Jersey and Ohio, and two individuals who were residents of Barrington, New Jersey, and Somerset County, Pennsylvania. The plaintiffs were residents of Ocean City, New Jersey. The plaintiffs filed suit in Philadelphia County. Two of the four defendants filed POs challenging venue in Philadelphia County and requesting a transfer to Lancaster County, the site of the accident. The other two defendants waived their objection to venue in Philadelphia County. The question before the Court was whether the

---

[7] In general, Superior Court decisions are not binding on this Court, but they offer persuasive precedent where they address analogous issues. *Lerch v. Unemployment Compensation Board of Review*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

13

parties' waiver would bind other defendants from raising an improper venue objection. The Superior Court ruled that the waiver of improper venue by one defendant in a multi-defendant case would not preclude other defendants from asserting their personal right to challenge venue. *Id.* The Court explained that one defendant's waiver "did not have the effect of establishing proper venue for all remaining defendants." *Id.* at 1391. "To hold otherwise *would be to permit one defendant to unilaterally deprive an adverse party of a personal right to object to an improper forum.*" *Id.* (emphasis added). The same reasoning applies here. Thus, we conclude that the trial court erred in determining that PennDOT's agreement to waive venue objections as part of its settlement precluded the codefendants from asserting their personal right to object to improper venue.

## IV. Conclusion

The Commonwealth's involvement as a defendant triggered the applicability of Section 8523(a). As a result, Defendants could not assert venue objections under Rule 1006(a) or (b). Although the applicability of Section 8523(a) prevented Defendants from asserting venue objections under Rule 1006(a) or (b), it did not strip them of their personal right to object to an improper venue under Section 8523(a). The Commonwealth's decision to agree to Philadelphia County as the proper venue did not preclude any of the other Defendants from contesting improper venue by filing an appropriate PO. For these reasons, we conclude that the trial court misapplied the law pertaining to venue by overruling Defendants' POs on the basis that the right to object to venue under Section 8523(a) was a unilateral right belonging to the Commonwealth and that the Commonwealth's waiver prevented the other defendants in the action from contesting venue thereunder.

14

Accordingly, we reverse the trial court's November 6, 2019 order, and we remand to the trial court for further consideration of whether venue in Philadelphia County is proper in accordance with the foregoing opinion.[8]

 

MICHAEL H. WOJCIK, Judge

---

[8] A trial court's decision regarding improper venue will not be disturbed absent an abuse of discretion. *Zappala*, 909 A.2d at 1284. "An abuse of discretion is not merely an error of judgment, but occurs only where the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence or the record." *Id.* If there exists a proper basis for the trial court's decision regarding venue, the decision must stand. *Id.*

15

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mary Kyung Kim and John Kyung    :
Kim, husband and wife             :
                                     :
            v.                : 7 C.D. 2020
                                     :
Commonwealth of Pennsylvania,    :
Department of Transportation,     :
Allan Myers, LP, and Alfred Salvitti :
and Guidemark                  :
                                     :
Appeal of: Allan Myers, LP       :

# **O R D E R**

AND NOW, this 9th day of February, 2022, the order of the Court of Common Pleas of Philadelphia County (trial court), dated November 6, 2019, is REVERSED, and we REMAND this matter to the trial court for further consideration of the preliminary objections as to improper venue in accordance with the foregoing opinion.

Jurisdiction relinquished.

_____
MICHAEL H. WOJCIK, Judge