RONALD P. CORDES *et al.*, Plaintiffs-Appellees, *v.* FALESE LAND COMPANY *et al.*, Defendants.—(R. J. STEVEN, Defendant-Appellant.)

Second District (2nd Division)    No. 76-125

Opinion filed November 17, 1976.

Thomas J. Logue, of Mattoon, for appellant.

Donald J. Weaver, of Geister, Schnell, Richards & Brown, of Elgin, for appellees.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:
Plaintiffs, as buyers, entered into an installment contract with "Falese Land Co., agent for Trust #204 at Elgin National Bank," as seller, to buy a lot in the City of Sleepy Hollow, title to which was held by the defendant, Elgin National Bank as Trustee under Trust No. 204. Plaintiffs' amended complaint alleged that, having made the required payments under the contract, they became entitled to a warranty deed in 1972, and that since then they have repeatedly demanded a deed; that subsequently they received offers of $9,500 and $10,000 which, because of the breach of the contract to convey, they were unable to accept. They also allege that they paid real estate taxes on the lot since 1975. Plaintiffs ask in Count I for judgment against the defendants in the sum of $11,000. In Count II they ask for a decree of specific performance of that contract by the

defendants requiring that title be conveyed to them by warranty deed.

Each of the defendants filed answers to plaintiffs' interrogatories. It appears from these answers and from the exhibits attached to some of them that the defendant Steven is the surviving beneficial owner of the land trust referred to with power to direct conveyances (Floyd Falese, the other joint beneficial owner having died). It also appears that in a document dated March 3, 1966, signed by defendant Steven, among others, addressed to defendant bank, it was stated "[i]t is contemplated that the request for execution of deeds * * * may be made by Falese individually, or the Falese Land Development Co." (It should be noted, at this point, that counsel for defendant Steven conceded at oral argument that the latter named company and Falese Land Co. "are one and the same.") Defendant Steven's answer to interrogatories states that no parcels have been conveyed out of the land trust without a direction from him, and that prior to Falese's death they both joined in all directions to convey. His answer to interrogatories further states that after Falese's death he, Steven, "alone signed all [such] directions." Defendant bank's amended answer to the identical interrogatory lists 67 conveyances through June 1, 1971, only 5 of which include defendant Steven's name among those who directed the conveyances.

Plaintiffs filed their motion for summary judgment on Count II of their amended complaint, and on the same day the trial court entered an order, on defendant Steven's motion, allowing his motion to dismiss the original complaint to stand as his motion to dismiss the amended complaint. (Although the other defendants—Falese Land Co. and Elgin National Bank, as trustee under Trust No. 204, filed their appearances in the trial court, they filed no responsive pleading to the amended complaint; however, no order of default had been entered, after an earlier order of default was vacated.) On February 24, 1976, the trial court entered its judgment denying defendant Steven's motion to dismiss and granting plaintiffs' motion for summary judgment as to Count II and also (1) directing defendant Falese Land Co. to deposit within 30 days the sum of $800 with defendant bank, as trustee, and (2) directing the defendant bank thereupon to convey the premises to plaintiffs by trustee's deed.

■■ Defendant Steven is the only appellant. The principal ground of his motion to dismiss both counts was that the installment contract was unenforceable by plaintiffs under the Statute of Frauds (Ill. Rev. Stat. 1973, ch. 59, par. 2) because it was not signed by the party to be charged, or by some other person lawfully authorized to do so. He first argues that the trial court erred in denying his motion. We conclude that the trial court properly denied the motion to dismiss because it appears that there is an adequate basis in the record to suggest that the land contract in

question was signed by a duly authorized agent of the party to be charged, *i.e.*, the Falese Land Co. Whether that is the ultimate fact can be determined after answers are filed and evidence is presented. Accordingly, we affirm denial of defendant Steven's motion to dismiss the amended complaint.

■■ Defendant Steven next contends that the entry of a summary judgment was erroneous because the record shows that there is a genuine issue as to a material fact. It is obvious from this record that the effect of the document dated March 3, 1966, is in controversy. The defendant bank which holds legal title to the lot stated in its answer to interrogatories that defendant Steven signed only 5 out of 67 directions to convey certain parcels out of the trust, while defendant Steven stated in his answer to a corresponding interrogatory that he signed and delivered to the bank his direction to convey in each of the 67 instances. A resolution of this conflict in the facts may be vital in determining the effect of the March, 1966, document. We also note in passing that the record discloses no basis whatever for the inclusion, in the judgment, of the direction to defendant, Falese Land Co. to pay $800 to defendant bank prior to the direction to convey. The lack of such basis in the record was conceded at oral argument. We assume that after the case is at issue and evidence is presented the trial court will be in a position to determine from whom, to whom, and how much, if any amount, should be ordered paid in an appropriate decree. It is clear from the foregoing that the trial court erred in entering summary judgment as to Count II.

The judgment of the circuit court of Kane County is therefore affirmed as to the denial of defendant Steven's motion to dismiss; as to the entry of summary judgment in favor of the plaintiffs on Count II of the amended complaint, the case is reversed and remanded for further proceedings consistent with this opinion.

Affirmed in part, reversed in part and remanded.

SEIDENFELD and GUILD, JJ., concur.