ALLEN BACHEWICZ *et al.*, d/b/a B&B Investment Company, Plaintiffs-Appellants, *v.* AMERICAN NATIONAL BANK AND TRUST COMPANY OF CHICAGO, Trustee, *et al.*, Defendants-Appellees.

First District (4th Division)    No. 78-1207

Opinion filed July 26, 1979.

Frederic J. Artwick, Leon Zelechowski, and Prentice H. Marshall, Jr., all of Sidley and Austin, of Chicago, for appellants.

Anthony J. Pauletto, of Chicago, for appellees.

Mr. JUSTICE LINN delivered the opinion of the court:

Plaintiffs, B&B Investment Company and its individual partners, appeal from an order of the circuit court of Cook County dismissing their complaint for specific performance of a contract to convey real property. A notice of appeal has also been filed from the court's denial of plaintiffs' motion for leave to file an amended complaint.

The issues which we consider on appeal are (1) whether plaintiffs have a right to rely on provisions of defendants' joint venture agreement to show the existence of a valid contract enforceable under the statute of frauds, and (2) whether the trial court erred in denying plaintiffs leave to file an amended complaint.

We affirm the trial court's denial of leave to amend but reverse the trial court's order dismissing the complaint, and we remand the cause for further proceedings.

The following facts are alleged in plaintiffs' complaint and must be accepted as true for purposes of the motion to dismiss. Plaintiffs Allen Bachewicz, Joseph Bachewicz and Lawrence Conjar are engaged in real estate management and development as a partnership named B&B Investment Company (B&B). In 1977, plaintiff B&B became interested in acquiring an apartment building at 5601 North Sheridan Road in Chicago. The beneficial owners of the apartment building are two limited partnerships, defendant The Statesman Limited Partnership (Statesman) and defendant 5601 North Sheridan Associates (Associates). Legal title to

the property is held in trust by defendant American National Bank and Trust Company of Chicago.

Statesman and Associates own and manage the subject property under a 1972 agreement designated in the complaint, a "joint venture agreement." Under the agreement, Statesman and Associates each own an undivided 50 percent interest in the property. Paragraph 9 of the agreement provides the following conditions for either the sale of a co-owner's individual interest or the sale of the entire building.

"9. Both parties shall be free to transfer interests in their respective partnerships as provided in their respective partnership agreements, but in the event that either party shall desire to sell its entire partnership interest, the respective party, as the case may be, shall give the other party thirty (30) days' prior written notice of the price, terms and conditions on which it proposes to dispose of its interest and the other party shall have the right by written notice to agree to purchase upon such price, terms and conditions. In the event that said other party declines to purchase as aforesaid, the selling party may thereafter dispose of its interest to a third party upon the terms and conditions offered, or less favorable terms to such third party. In the event the selling party desires to dispose of its interest on more favorable terms to any third party, it shall again give the other party thirty (30) days' prior written notice and the other party shall have the right to purchase as aforesaid. In the event an offer is received for the purchase of the entire apartment building, and the parties cannot agree whether to accept said offer, the party who desires to accept said offer shall so advise the other party in writing. Thereafter, said other party shall have thirty (30) days within which to either consent to the sale as proposed by such third party or may, within said thirty (30) day period, elect in writing to purchase the interest of the party desiring to sell for an amount equal to the proportionate share of the offer which would have been received by the party desiring to sell its interest in the apartment building. Failure to make an election within the thirty (30) day period shall be deemed to be a consent to such proposed sale, and the parties shall thereafter proceed to consummate such sale, and both parties agree to execute all necessary documents to complete such sale."

On or about June 29, 1977, B&B made a written offer to purchase the subject property from Associates and Statesman for the purchase price of $1,839,233.39. On July 6, 1977, Associates sent a letter to B&B stating:

"The undersigned as 50% beneficial owner of the above property herewith accepts your offer to purchase the above property dated

June 29, 1977, a copy of which is attached hereto as Exhibit A (the "Offer"), subject to a condition precedent: the acceptance of the Offer by The Statesman, an Illinois Limited Partnership, being the remaining 50% beneficial owner of the above property, which acceptance may be express or implied and within the time therefor allowed, pursuant to paragraph 9 of that certain Agreement between the undersigned and The Statesman, dated in 1972, a copy of which is attached hereto as Exhibit B.

Our acceptance shall be deemed effective coincident with the time of acceptance by the Statesman as aforesaid."

Attached to the letter was a copy of the joint venture agreement executed by Associates and Statesman.

On July 8, 1977, Associates notified Statesman of their acceptance of B&B's offer. Thereafter, within the 30-day period contemplated by paragraph 9 of the joint venture agreement, Statesman neither responded to the notice nor notified Associates of an election under paragraph 9 to purchase Associates' interest in the property. Further, Statesman has since refused to cooperate with Associates in completing the sale to B&B.

On October 19, 1977, plaintiffs filed a complaint seeking specific performance of their alleged contract with defendants. The complaint named Statesman, Associates and the trustee as defendants but, because of Associates' willingness to complete the transaction with B&B, sought a judgment for specific performance only against Statesman. Associates answered the complaint and acknowledged that it had entered into a contract with B&B. Statesman moved to dismiss the complaint, alleging, *inter alia*, that the contract was unenforceable under the statute of frauds and that provisions of the joint venture agreement, particularly paragraph 9, could not be relied on by plaintiffs. The trial court granted defendant Statesman's motion to dismiss the complaint on February 24, 1978, finding no just cause to delay the enforcement or appeal of that order. On March 14, 1978, plaintiffs filed a notice of appeal from the February 24 order.

Then, on March 27, 1978, plaintiffs asked the trial court for leave to file an amended complaint against Associates, seeking specific performance and damages. The trial court denied plaintiffs leave to file an amended complaint and plaintiffs filed a second notice of appeal from that order. Both orders are now before us for review.

OPINION

I

The first issue raised is whether the plaintiffs can rely on the joint venture agreement to show the existence of a contract enforceable under

the statute of frauds. In dismissing plaintiffs' complaint for specific performance, the trial court determined that plaintiffs were not proper parties to assert the provisions of the joint venture agreement. We conclude that this was error.

Plaintiffs do not seek to enforce the joint venture agreement. The purpose for which plaintiffs rely on the agreement is to show that Associates had the authority to enter into a binding contract on behalf of the joint venture for the sale of the entire subject property. This is essentially a question of agency.

■■ The agreement entered into by Statesman and Associates in 1972 created a joint venture relationship for the ownership and management of the subject property. The existence, but not the legal effect, of the agreement is admitted for purposes of the motion to dismiss. (See *Rosenberg v. Packerland Packing Co.* (1977), 55 Ill. App. 3d 959, 370 N.E.2d 1235.) Partnership legal principles apply to joint ventures. (*State House Inn Corp. v. Polikoff* (1967), 86 Ill. App. 2d 97, 230 N.E.2d 283.) The only distinction of consequence between the two business associations is that a joint venture relates to a single specific enterprise or transaction, while a partnership relates to general business of a particular kind. (*Ramacciotti v. Simpkins* (1970), 130 Ill. App. 2d 733, 266 N.E.2d 700.) As in a partnership, a joint venture creates a mutual agency between the parties. (*Schumann-Heink v. Folsom* (1927), 328 Ill. 321, 159 N.E. 250; *Gilpin v. Lev* (1966), 70 Ill. App. 2d 66, 217 N.E.2d 477.) Where a joint venturer proposes to do, in the name or on behalf of the joint venture, an act that is not in the ordinary course of business, consent by the other joint venturers constitutes his authority to act for the joint venture. (See Uniform Partnership Act, Ill. Rev. Stat. 1977, ch. 106½, pars. 9 and 10(4).) An express written agreement between the joint venturers, as in this case, can provide the necessary authority for one party to act on behalf of the others.

■■ ■ A third-party purchaser who deals with one of the joint venturers has the right, indeed the burden, to show that the party with whom he dealt was authorized to enter into a binding contract on behalf of the joint venture. (See *Cordes v. Falese Land Co.* (1976), 43 Ill. App. 3d 823, 357 N.E.2d 664.) We thus conclude that it was appropriate for the plaintiffs to assert the joint venture agreement to demonstrate Associates' authority to enter into a binding contract on behalf of the joint venture.

The second step in our determination is to decide whether the 1972 joint venture agreement gives Associates the authority to enter into a contract which is enforceable under the statute of frauds. The statute of frauds requires that a contract for the sale of an interest in real property be signed by the party to be charged or, if signed by an agent, the authority of such agent must be in writing signed by the party to be

charged. (Ill. Rev. Stat. 1977, ch. 59, par. 2.) Statesman contends that it did not accept B&B's offer in writing nor did it give Associates written authority to accept an offer on its behalf. However, our reading of the joint venture agreement, which was executed by Statesman, indicates the joint venturers contemplated that under certain circumstances Associates' signature alone would be sufficient to enter into a contract to convey the joint venture property in compliance with the statute of frauds.

Under paragraph 9 of the 1972 joint venture agreement, Statesman and Associates agreed that if they could not agree whether to accept a future offer to purchase the entire apartment building, the party desiring to accept the offer should notify the other party who would have thirty days to either consent to the sale or elect to buy out the interest of the party desiring to sell. Failure to make that election within 30 days would constitute consent to the sale.

When entering into the joint venture relationship in 1972, Statesman and Associates considered the possibility of a future deadlock over the sale of the joint venture property. Paragraph 9 insured a means by which one party could resolve the deadlock by selling out to the other party or by consenting to a valid sale of the entire joint venture property on behalf of the joint venture, and, consequently, on behalf of the individual joint venturers. This provision implied the authority necessary to implement its purpose.

The cases relied on by Statesman are distinguishable. They recite the principle that where the contracting parties intend that an offer to purchase land will be accepted by all owners of the property, and not all owners accept, no binding contract is formed that is enforceable by specific performance. (*Dineff v. Wernecke* (1963), 27 Ill. 2d 476, 190 N.E.2d 308; *Madia v. Collins* (1951), 408 Ill. 358, 97 N.E.2d 313; *Wiggins v. Morgan* (1977), 55 Ill. App. 3d 198, 371 N.E.2d 127; *Hosty v. Kroupa* (1969), 117 Ill. App. 2d 419, 254 N.E.2d 613.) None of these cases apply to the situation presented here, where one co-owner is authorized in writing to enter into a contract for the sale of land on behalf of the other owner. See *Penner v. Frisch* (1978), 57 Ill. App. 3d 947, 373 N.E.2d 777; *Hitchcock v. Nolan* (1922), 227 Ill. App. 50.

■ We believe that the complaint presents a sufficient basis on which to conclude that Associates was duly authorized under the provisions of the 1972 joint venture agreement to enter into a contract for the sale of the entire subject property enforceable against Statesman under the statute of frauds. Whether this will ultimately be shown as fact is a matter of proof. Accordingly, we reverse the trial court's dismissal of plaintiffs' complaint as to Statesman, and thereby find it unnecessary to reach plaintiffs' alternative contention that B&B is a third-party beneficiary to the joint venture agreement.

## II

Plaintiffs also appeal from the trial court's denial of leave to amend their complaint to seek damages and specific performance from Associates after plaintiffs had filed a notice of appeal from the February 24, 1978, order dismissing their complaint against Statesman. Although our reversal of the February 24 order and remandment of the cause for further proceedings had disposed of this issue for all practical purposes, we consider the issue briefly.

Plaintiffs' initial complaint for specific performance sought relief only from defendant Statesman. Although Associates and the trustee were named in the complaint as defendants because of their relationship to the subject property, the complaint presented no controversy between Associates or the trustee, and plaintiffs. In fact, in its answer, Associates admitted the existence of a contract and its willingness to perform and joined in requesting a judgment for specific performance against Statesman.

■■ In the usual case, an order granting a motion to dismiss only one of several named defendants is not an appealable order unless the trial court makes the requisite finding that there exist no just reasons for delaying the enforcement or appeal to enable an appeal under Supreme Court Rule 304(a). (Ill. Rev. Stat. 1977, ch. 110A, par. 304(a); *First National Bank v. Conness* (1975), 29 Ill. App. 3d 294, 330 N.E.2d 272.) However, an order that finally disposes of all substantial controversies presented by a complaint and leaves no matter in issue for the trial court to rule upon, is a final judgment, appealable under Supreme Court Rule 301. (Ill. Rev. Stat. 1977, ch. 110A, par. 301; *People ex rel. Pollution Control Board v. Lloyd A. Fry Roofing Co.* (1972), 4 Ill. App. 3d 675, 281 N.E.2d 757.) That the trial court obliged the plaintiffs by making the finding necessary to allow a Rule 304(a) appeal does not preclude the reviewing court from making an independent assessment of the nature of the order. (See *Coble v. Chicago Health Club, Inc.* (1977), 53 Ill. App. 3d 1019, 369 N.E.2d 188.) It is possible for an order to appear interlocutory in nature but to so completely adjudicate the rights of the parties as to constitute a final and appealable order. *Groves v. Farmers State Bank* (1937), 368 Ill. 35, 12 N.E.2d 618.

■■ Since plaintiffs' complaint states only one claim for relief against one defendant, and that claim was disposed of, we believe the February 24 order finally determined the entire controversy presented by the complaint. Consequently, the filing of a notice of appeal from that order divested the trial court of jurisdiction to allow the filing of an amended complaint. (See *Powers v. National Mirror Works* (1977), 52 Ill. App. 3d 592, 367 N.E.2d 763; *Hecht v. Hecht* (1977), 49 Ill. App. 3d 334, 364 N.E.2d 330.) While we find that the trial court was correct in denying

plaintiffs' motion for leave to file an amended complaint because it lacked the jurisdiction to reach any substantive issues presented by the new complaint, this, of course, does not preclude plaintiffs from seeking leave to amend their complaint on remand.

For the reasons stated we affirm the order of the trial court denying leave to file an amended complaint. However, we reverse the order dismissing the complaint and remand the cause to the trial court for further proceedings consistent with this opinion.

Affirmed in part, reversed in part and remanded.

JOHNSON and ROMITI, JJ., concur.