WALTER J. WILSON, JR., Plaintiff-Appellee, v. CENTRAL ILLINOIS PUBLIC SERVICE COMPANY *et al.*, Defendants-Appellants.

Fifth District   No. 5—86—0779

Opinion filed January 25, 1988.

Larry Hepler and Madelyn J. Lamb, both of Burroughs, Simpson, Hepler & Broom, of Edwardsville, for appellants.

William W. Schooley, of Law Offices of William W. Schooley, of Granite City, for appellee.

JUSTICE LEWIS delivered the opinion of the court:

This case is heard on appeal from the trial court's denial of the defendants' motions to transfer venue. The plaintiff, Walter J. Wilson, Jr., brought an action against the defendants, Central Illinois Public Service Company (CIPS), Sargent & Lundy, Inc. (Sargent & Lundy), and Newton Associates, in the circuit court of Madison County, Illinois, on March 27, 1984, seeking to recover damages for personal injuries sustained while working on the construction of an electric power generating facility located in Newton, Jasper County, Illinois.

It appears from the complaint that CIPS, in building the facility, contracted with Sargent & Lundy to design the facility and to provide construction supervision and contracted with Newton Associates to erect and construct the facility. Newton Associates contracted with plaintiff's employer to perform certain insulation services in the construction. The plaintiff was allegedly injured on the job, at the site, on October 18, 1982. The complaint contained six counts. Two counts were directed against each of the defendants charging violations of the Structural Work Act (Ill. Rev. Stat. 1985, ch. 48, par. 60 *et seq.*) and negligence. All three defendants filed special and limited appearances and motions for change of venue alleging that they were not residents of Madison County within the meaning of the venue statute. Discovery was conducted, and arguments were heard on the motions, to which affidavits had been attached. The trial court took the motions under advisement, and, after considering the matter, entered the following order on November 3, 1986:

"Defendant's [*sic*] motion for change of venue on the grounds the defendant [*sic*] has not been doing business in Madison County is denied."

Although it is not spelled out, we can assume that the trial court denied the motions of all three defendants. Insofar as the defendant CIPS is concerned, the plaintiff argues only that since there were no allegations that the remaining defendants were joined to fix venue, the residence of Sargent & Lundy and/or Newton Associates fixes venue for all defendants. The statutes in question provide in part as follows:

"Sec. 2—101. Generally. Except as otherwise provided in this

Act, every action must be commenced (1) in the county of residence of any defendant who is joined in good faith and with probable cause for the purpose of obtaining a judgment against him or her and not solely for the purpose of fixing venue in that county, or (2) in the county in which the transaction or some part thereof occurred out of which the cause of action arose." Ill. Rev. Stat. 1985, ch. 110, par. 2—101.

"Sec. 2—102. Residence of corporations, voluntary unincorporated associations and partnerships defined. For purposes of venue, the following definitions apply:

(a) Any private corporation or railroad or bridge company, organized under the laws of this State, and any foreign corporation authorized to transact business in this State is a resident of any county in which it has its registered office or other office or is doing business. ***

(b) A partnership sued in its firm name is a resident of any county in which any partner resides or in which the partnership has an office or is doing business." Ill. Rev. Stat., 1984 Supp., ch. 110, pars. 2—102(a), (b).

■■ We agree with the plaintiff that the county of residence of any defendant who is joined in good faith fixes venue in that county. (See *Hines v. Dresser Industries, Inc.* (1985), 137 Ill. App. 3d 7, 484 N.E.2d 401.) The plaintiff maintains that both Sargent & Lundy, a partnership, and Newton Associates, a joint venture, were doing business in Madison County sufficiently to establish venue. The defendants take a contrary view.

The interrogatories disclose that the defendant Sargent & Lundy had entered into an annual service contract with Illinois Power Company to perform engineering services for Illinois Power throughout the State of Illinois. Under that agreement, the defendant Sargent & Lundy billed Illinois Power for work done in Madison County and was paid for services during the years 1977 through 1983. Total billings by Sargent & Lundy for work performed in Madison County since 1980 were as follows:

| | |
|---|---|
| 1980 | $ 3,447.92 |
| 1981 | 27,021.30 |
| 1982 | 1,419.35 |
| 1983 | 1,073.97 |
| 1984 | - 0 - |

A similar contract was entered into between these same two parties in 1983, but there has been no activity on the account.

From the discovery material in the record, it appears that Newton

Associates was a joint venture formed for the sole purpose of erecting a generating facility in Newton, Illinois, for CIPS. The members of the joint venture were as follows:

Power Systems, Inc.

Gust K. Newberg Construction

General Contractors, Inc.

Fishback and Moore Electrical Contracting, Inc.

McCartin, McAuliffe Mechanical Contractors, Inc.

All of the members of the joint venture appear to be corporations. After the completion of the project, the joint venture was dissolved. The joint venture itself had no contacts with Madison County nor had any of the members with the exception of McCartin, McAuliffe Mechanical Contractors, Inc. (McCartin). Through discovery it was disclosed that McCartin performed work at the Kilngas plant in Wood River, Illinois, which is in Madison County, during the period of January 1982 through July 1983, and, further, that McCartin obtained supplies for this project from suppliers located in Madison County as follows:

| | |
|---|---|
| East Alton Supply | $922,450 |
| S & K Rigging | 118,970 |
| Ameri-Gas | 58,804 |
| Barton Trucking | 317,120 |

In asserting that venue was proper in Madison County in the instant case, the plaintiff relies on the concept of doing business within a county for the purpose of establishing venue. The cases of *Baltimore & Ohio R.R. Co. v. Mosele* (1977), 67 Ill. 2d 321, 368 N.E.2d 88, and *Stambaugh v. International Harvester Co.* (1984), 102 Ill. 2d 250, 464 N.E.2d 1011, discuss this issue at length. The *Mosele* court held that the legislature intended that more extensive contacts with a county are necessary to establish proper venue than are required when the issue is whether the defendant is subject to the jurisdiction of the courts of this State. The court held that a defendant must be conducting its usual and customary business within the county in which venue is sought. In the words of the *Mosele* court:

"A comparison of the literal terms of sections 6 and 17 demonstrates that the legislature intended that more extensive contacts with a county are necessary to establish proper venue than are required when the issue is whether the defendant is subject to the jurisdiction of the courts of this State. It would be a distortion of the plain meaning of the words of the venue statute to hold that a corporation is 'doing business' within any county with which it has even minimal contacts. Additionally,

such a construction of section 6 of the Civil Practice Act would have the effect of negating the principle of convenience upon which section 5 of the Act is based. To judicially define the 'doing business' provision of the venue statute as being synonomous [*sic*] with the test for establishing jurisdiction under section 17 would be to allow the institution of actions in locations with little connection with the defendant and with no connection with the activities which give rise to the suit.

We hold, therefore, that in order to establish that a defendant is doing business within a county for purposes of venue, quantitatively more business activity within the county must be demonstrated than where the question is whether the defendant has transacted any business within the State for purposes of service of process pursuant to section 17. The defendant must, in short, be conducting its usual and customary business within the county in which venue is sought. In the words of one Federal court faced with a similar problem of construction, 'the activity must be of such a nature so as to localize the business and make it an operation within the district.' (*Remington Rand, Inc. v. Knapp-Monarch Co.* (E.D. Pa. 1956), 139 F. Supp. 613, 617.)" *Baltimore & Ohio R.R. Co. v. Mosele* (1977), 67 Ill. 2d 321, 329-30, 368 N.E.2d 88, 92.

■ The defendants argue that venue is established based upon the time the complaint was filed, while the plaintiff claims that venue attaches at the time the incident occurred. It has been stated as a general rule that "residence" within statutes fixing venue means residence at the time of the institution of the suit and not at the time of service of process or at the time of the accrual of the cause of action. (92 C.J.S. *Venue* §111 (1955).) An analysis of Illinois venue cases leads us to believe that venue in "doing business" cases must likewise be set at the time of institution of the suit. In *Stambaugh* and *Mosele* the language is always in the present tense, and, in *Gardner v. International Harvester Co.* (1986), 113 Ill. 2d 535, 542, 499 N.E.2d 430, 433, the court says, "As in *Stambaugh*, then, we conclude here that 'Harvester does not design, manufacture, directly advertise, finance or sell its products from within St. Clair County' [citation] and that for purposes of venue Harvester *is* not engaged in its usual and customary business in that county." (Emphasis added.)

With regard to Sargent & Lundy, we reject the argument that they were doing business in Madison County. The evidence as to this engineering partnership showed that they had infrequently performed engineering services in Madison County for Illinois Power Company in

the years 1980, 1981, 1982, and 1983. They performed these services out of their Chicago office, and the billings were so small that this court cannot conceive of it being of enough consequence to establish venue.

To fix venue in Madison County based upon the minimal contacts of Sargent & Lundy either at the time the accident occurred or at the time suit was filed would be a distortion of the plain meaning of the words of the venue statute. Sargent & Lundy had little or no connection with Madison County at either time, and there was no connection between Madison County and the activities which gave rise to this suit. The reasoning of *Baltimore & Ohio R.R. Co. v. Mosele* and *Stambaugh v. International Harvestor Co.* is dispositive of the matter as to Sargent & Lundy's business activities.

As mentioned earlier in this opinion, Newton Associates was a joint venture made up of several corporations. Plaintiffs maintain that venue was established in Madison County by virtue of one of those corporations, McCartin, doing business in Madison County. A joint venture is an association of two or more to carry out a single business venture for profit. When a joint venture is found to exist, the legal principles pertaining to the relationship between partners govern. (*Sharps v. Stein* (1980), 90 Ill. App. 3d 435, 413 N.E.2d 75.) The only distinction of consequence between the two business associations is that a joint venture relates to a single, specific enterprise or transaction, while a partnership relates to a general business of a particular kind. *Bachewicz v. American National Bank & Trust Co.* (1979), 75 Ill. App. 3d 252, 393 N.E.2d 652.

In the instant case, if McCartin was a resident of Madison County by virtue of doing business in that county, venue could be fixed there because McCartin was a part of Newton Associates. McCartin performed work at the Kilngas plant in Madison County during the period of January 1, 1982, through July 1983 and stated that it purchased supplies for work performed at Kilngas in considerable quantities as heretofore listed. None of this work for Kilngas or supplies purchased had anything to do with the activities involved in this suit, and, from the evidence, it appears that the work was all completed some nine months before this suit was filed. While the record shows that a large dollar amount was expended for the Kilngas project, there do not appear to be any further facts as to the level of business activity or percentage of business done in Madison County.

The plaintiff relies on *Weaver v. Midwest Towing, Inc.* (1987), 116 Ill. 2d 279, 507 N.E.2d 838, for the proposition that the defendant, movant, has the burden to prove that the selection of venue was

improper. We agree with the proposition that the movant has the burden of proof. In *Weaver*, the court said that the defendant had failed to meet its burden of proving that it was not doing business in Madison County by its statement that it did not transact business in Madison County " 'other than occasionally purchasing fuel and other supplies from suppliers located in that county and some occasional fleet work and barge moving.' " 116 Ill. 2d at 283, 507 N.E.2d at 839.

In the instant case the record showed that McCartin did business in St. Clair County for a specific job from January 1982 through July 1983, but had no continuing business in that county. In all likelihood this corporation from time to time worked in construction on particular jobs throughout the State. To say that the construction job for Kilngas from January 1, 1982, through July 1983 established venue in Madison County in 1984 would be to go beyond the bounds of the true meaning of the statute.

Obtaining the proper venue is an important privilege and is clearly meant to protect the defendant from being sued in a county arbitrarily selected by the plaintiff. To hold that a defendant may be sued in any county in which it might have once contracted a job would be ludicrous. In addition, in this case where only one of five joint venturers had any connection at all with Madison County, establishing venue in this county would stretch the venue statute beyond its limits. The accident occurred in Jasper County, and none of the five corporations had offices in Madison County. Only one of the joint venturers did any business in Madison County, and that activity had no connection with this suit. The business activity was not ongoing in Madison County but was one specific job that was completed long before the complaint was filed.

We hold that the activity of McCartin in Madison County was insufficient to establish venue in Madison County based upon the analysis set forth above. Therefore, the trial court's order of November 3, 1986, denying defendant's motion for change of venue was an abuse of discretion, and the order must be reversed and the cause remanded to the trial court for transfer to a county of proper venue.

Reversed and remanded.

WELCH and CALVO, JJ., concur.