BETTY ALSUP, as Mother and Guardian of Stacey Alsup, Plaintiff-Appellee, v. SYCAMORE MUNICIPAL HOSPITAL, Defendant-Appellant (Children's Memorial Hospital *et al.*, Defendants).

First District (2nd Division)   No. 1—92—1771

Opinion filed June 29, 1993.

Pretzel & Stouffer, Chartered, of Chicago (Robert Marc Chemers and Anne Scheitlin Johnson, of counsel), for appellant.

Law Office of Kenneth C. Chessick, M.D., S.C., of Chicago (Kenneth C. Chessick, of counsel), for appellee.

JUSTICE HARTMAN delivered the opinion of the court:

Defendant, Sycamore Municipal Hospital (Sycamore), brings this interlocutory appeal pursuant to Supreme Court Rule 306(a)(1)(iv) (134 Ill. 2d R. 306(a)(1)(iv)), from an order of the circuit court of Cook County denying its motion to transfer venue to De Kalb County. Sycamore contends on appeal that the court erred in denying its motion to transfer venue pursuant to section 2—103(a) of the Code of Civil Procedure (Code), which provides that actions against a municipal corporation must be brought in the county where its principal office is located or where the transaction giving rise to the cause of action occurred. (Ill. Rev. Stat. 1991, ch. 110, par. 2—103(a) (now 735 ILCS 5/2—103 (West 1992)).) Sycamore also contends that the court erred in denying its subsequent motion to transfer venue under the general venue provision of the Code. (Ill. Rev. Stat. 1991, ch. 110, par. 2—101 (now 735 ILCS 5/2—101 (West 1992)).) For reasons which follow, we affirm.

Plaintiff, Betty Alsup, as guardian of her daughter Stacey Alsup (minor plaintiff), filed this action in the circuit court of Cook County against Sycamore and various other defendants alleging negligence in the treatment of the minor plaintiff. Counts IV and V were directed against Dr. John Eggars[1] and Sycamore, respectively, and alleged negligence during the birth of the minor plaintiff at Sycamore's facility in De Kalb County on August 7, 1973. Counts I through III were directed at Children's Memorial Hospital (Children's) and various members of its staff based upon occurrences that took place at Children's in May of 1982.

---

[1]A settlement was reached with the estate of Dr. Eggars.

Essentially, the complaint alleges that as a result of negligence on the part of Dr. Eggars and Sycamore during the birth of the minor plaintiff, she suffered severe injuries, including complications of hydrocephalus, encephalopathy and mental retardation. She was taken to Children's for treatment on August 11, 1973. In May of 1982, the minor plaintiff again was presented at Children's for the diagnosis and treatment of medical and surgical conditions involving hydrocephalus, infected and malfunctioning ventriculoperitoneal shunts and related medical conditions. The complaint alleged that because of various acts of negligence on the part of Children's and its staff, the minor plaintiff suffered, among other injuries, severe complications of hydrocephalus, encephalopathy, and mental retardation.

Sycamore filed a motion to transfer venue to De Kalb County on the grounds that it was a municipal corporation and, as such, could be sued only in the county where its principal office is located or where the transaction giving rise to the cause of action occurred. (Ill. Rev. Stat. 1991, ch. 110, par. 2—103(a) (now 735 ILCS 5/2—103 (West 1992)).) The motion alleged that "at all times relevant," Sycamore was a municipal corporation with its principal place of business in De Kalb County. Three documents were attached to the motion. The first establishes that "Sycamore Memorial Hospital" was incorporated under the Illinois "Act concerning Corporations" on April 22, 1909, in De Kalb County. The second document, dated January 11, 1937, shows that the name of the corporation was changed from Sycamore Memorial Hospital to Sycamore Municipal Hospital. The third document, dated June 27, 1944, is a certificate from the Secretary of State stating that articles of amendment to the articles of incorporation of Sycamore Municipal Hospital had been filed as provided by the Illinois "General Not for Profit Corporation Act."

Plaintiff filed a response to the motion to transfer venue asserting that none of the documents attached to the motion established that Sycamore is currently, or ever was, a municipal corporation. The response alleged that "upon information and belief, on or about November 18, 1958, Sycamore Municipal Hospital changed its name to Sycamore Charities, Inc. and is currently conducting business under that name."

At a hearing on Sycamore's motion to transfer venue, counsel for Sycamore stated that although Sycamore is not currently a municipal corporation, it was a municipal corporation at the time of the occurrence. The court, finding that Sycamore failed to establish its status as a municipal corporation, denied the motion to transfer venue.

Sycamore subsequently filed a second motion to transfer venue. This motion was based upon section 2—101 of the Code, which provides that an action must be filed in the county of residence of any defendant joined in good faith or in the county where the transaction giving rise to the cause of action occurred. Sycamore alleged in its motion that for the purpose of establishing venue, the count of the plaintiff's complaint against Sycamore constituted a separate cause of action because it involves a different time and occurrence than the counts against Children's. Therefore, venue in the plaintiff's action against Sycamore could lie only in De Kalb County. The court rejected this argument on the ground that there existed a question as to what portion of the damages would be attributable to each defendant. Sycamore's second motion for a transfer of venue was accordingly denied. We granted Sycamore leave to appeal.

Two venue provisions are pertinent to this appeal. Section 2—101 of the Code provides:

"Except as otherwise provided in this Act, every action must be commenced (1) in the county of residence of any defendant who is joined in good faith and with probable cause for the purpose of obtaining a judgment against him or her and not solely for the purpose of fixing venue in that county, or (2) in the county in which the transaction or some part thereof occurred out of which the cause of action arose." (Ill. Rev. Stat. 1991, ch. 110, par. 2—101 (now 735 ILCS 5/2—101 (West 1992)).)

Section 2—103(a) relates specifically to public or municipal corporations and states:

"Actions must be brought against a public, municipal, governmental or quasi-municipal corporation in the county in which its principal office is located or in the county in which the transaction or some part thereof occurred out of which the cause of action arose." Ill. Rev. Stat. 1991, ch. 110, par. 2—103(a) (now 735 ILCS 5/2—103 (West 1992)).

■ Sycamore first contends that the court erred in refusing to transfer venue under section 2—103(a) based on its status as a municipal corporation. In making this argument, Sycamore does not address the trial court's finding that Sycamore failed to establish its status as a municipal corporation other than to assert in its reply brief that "[t]he evidence provided to the trial court was sufficient to establish the municipal nature of [Sycamore]."

The party moving for a change of venue has the burden of proving that the selected venue is improper by setting forth facts, rather than conclusions, establishing a clear right to a change of venue.

(*American Country Insurance Co. v. Mahoney* (1990), 203 Ill. App. 3d 453, 460, 560 N.E.2d 1035 (*Mahoney*).) Any doubts arising from the inadequacy of the record will be resolved against the party seeking a change of venue. *Mahoney*, 203 Ill. App. 3d 453, 560 N.E.2d 1035.

Based on the record before us, Sycamore failed to establish its status as a municipal corporation. The documents attached to its motion for a transfer of venue established, at best, that at some point in time Sycamore may have been a municipal corporation. In *Wilson v. Central Illinois Public Service Co.* (1988), 165 Ill. App. 3d 533, 537, 519 N.E.2d 44, the court held, in the context of a "doing business" case, that venue is established based upon the time suit is instituted rather than at the time the incident occurred. The same is true where venue depends upon the municipal status of a corporation. In *Lawless v. Village of Park Forest South* (1982), 108 Ill. App. 3d 191, 195, 438 N.E.2d 1299, the court noted that the public policy basis for giving municipal corporations a right to venue in their home county is to allow municipal officials to remain at home for the purpose of discharging their public duties. Sycamore does not demonstrate that policy would be furthered if the corporation challenging venue no longer enjoys the status of a municipal corporation. The circuit court did not err in denying Sycamore's motion to transfer venue under section 2—103(a).

■ Sycamore next contends that the circuit court erred in denying its second motion to transfer venue, which was based on the general venue provision of section 2—101 of the Code, which requires that, unless otherwise provided, venue must be set in the county of residence of any defendant joined in good faith or in the county where the transaction giving rise to the cause of action occurred. Sycamore acknowledges that defendants named in counts I through III of the plaintiff's complaint are residents of Cook County, but argue that for purposes of determining venue the count against Sycamore should be considered as an entirely separate cause of action.

Sycamore cites *Peterson v. Monsanto Co.* (1987), 157 Ill. App. 3d 508, 510 N.E.2d 458, in support of its argument. *Peterson* involved 32 plaintiffs who filed a multicount complaint against two chemical companies to recover damages for injuries allegedly caused by exposure to herbicides. The court there held that although the rules of permissible joinder allowed such a procedure, each count was to be considered a separate action for the purpose of determining venue. We find *Peterson* distinguishable from the instant cause. Here, a single plaintiff sued two hospitals and various members of their staffs alleging that their negligence caused the minor plaintiff to suffer hydrocepha-

lus, mental retardation and other injuries. Although the allegations against Children's stem from a later date than the allegations against Sycamore, the court determined that there would be questions as to what portion of the injuries were attributable to each defendant. We conclude that the court acted properly in denying Sycamore's motion to transfer venue pursuant to section 2—101 of the Code.

Accordingly, the order of the circuit court is affirmed.

Affirmed.

McCORMICK, P.J., and SCARIANO, J., concur.