` THIRD DIVISION

July 7, 1999

(
NUNC
 
PRO
 
TUNC
 AS OF JUNE 9, 1999)

No. 1--97--2989

TAKETTA LONG, Guardian of the ) Appeal from the

Estate and Person of EDDIE GRAY, ) Circuit Court of

a Disabled Person, ) Cook County.

)

Plaintiff-Appellee, ) 

)         

v. )         

)

EARSEY GRAY, ) 

) 

Defendant, ) 

) 

and ) 

) 

PAUL STROUSE and ZIPP EXPRESS, INC., ) Honorable

) Joseph N. Casciato,

Defendants-Appellants. ) Judge Presiding.

JUSTICE BURKE delivered the opinion of the court:

Defendants Paul Strouse and Zipp Express, Inc. appeal from an order of the circuit court of Cook County denying their motion to transfer venue in a negligence action commenced by plaintiff Eddie Gray and pursued by plaintiff Taketta Long, guardian of Eddie's estate and person.  Defendant Earsey Gray is not a party to this appeal.  Strouse and Zipp Express contend that (1) the trial court abused its discretion in denying their motion to transfer venue because it did not employ the proper standards in analyzing issues surrounding the residency of defendant Earsey Gray and (2) no evidence established that Zipp Express was doing business in Cook County at the time of the occurrence.  For the reasons set forth below, we affirm.

Plaintiff Eddie Gray, a resident of Cook County, filed his negligence action against defendants in the circuit court of Cook County on April 23, 1996, against defendants, seeking damages for injuries he had received in two successive motor vehicle accidents that had occurred in Anna, Union County, Illinois.  In his complaint, plaintiff alleged that on January 18, 1996, he had been a passenger in a vehicle driven by defendant Earsey Gray (Earsey) that had come into contact with a guardrail, causing him to be thrown from the vehicle.  Plaintiff further alleged that he was immediately thereafter struck by a truck owned by defendant Zipp Express and operated by defendant Strouse, Zipp Express' employee.

Strouse and Zipp Express filed special and limited appearances and moved that the case be transferred for lack of proper venue or on grounds of 
forum non conveniens
.  Earsey neither joined in the motion nor objected to it.  Strouse and Zipp Express argued in their motion that venue did not lie in Cook County because no defendants resided there, nor was Zipp Express doing business there.  Strouse and Zipp Express requested that the action be transferred to either Union County, where the accident occurred, or Kankakee County, where Earsey allegedly resided.  They argued, in the alternative, that Cook County was an inconvenient locale for prospective witnesses.  
The affidavit supporting the motion to transfer venue stated that Strouse resided in Indianapolis, Indiana, and that Zipp Express was an Indiana corporation with its principal office in Indianapolis.  The supporting affidavit further stated that Zipp Express had neither offices nor employees in Cook County.

In response to the motion to transfer venue, plaintiff argued that Earsey was a resident of Cook County in April 1996, the month suit was filed.  Plaintiff maintained that although Earsey had stated in his answers to plaintiff's interrogatories that he was permanently residing in Kankakee County in April 1996, the evidence showed otherwise.  Earsey's girlfriend, Irene Branch, stated in her deposition that Earsey was living with her in her Cook County apartment on April 23, 1996, and had been living with her continuously for over a year; Earsey was served with the summons and complaint in Cook County on June 7, 1996; and Dennis Fredrickson, a private investigator retained by plaintiff, stated in an affidavit that Earsey had told him on April 24, 1996, that he had been living in Cook County for almost a year. 

Plaintiff also argued that Zipp Express was itself a resident of Cook County by virtue of its doing business there.  Plaintiff relied upon discovery evidence showing that in April 1996, Zipp Express had transported and delivered freight to 6 different Cook County locations and had picked up freight at 13 different Cook County locations.  Plaintiff asserted that this freight pick-up and delivery by Zipp Express clearly indicated that Zipp Express had been engaged in substantial and ongoing trucking activities in Cook County.  

At a hearing on the motion to transfer venue, Strouse and Zipp Express maintained that the only sworn testimony upon which the court could rely was that of Earsey's.  They also argued that the investigator's affidavit was unsworn and uncertified.  The trial court gave plaintiff leave to file a formalized affidavit containing the investigator's statement.  The court then denied the motion to transfer venue, finding that venue properly lay in Cook County because Earsey had admitted to the investigator that he had been living in Cook County in April 1996 and that Zipp Express was itself a resident of Cook County by virtue of its doing business in the county.  The court also found that Cook County would be a more convenient forum.  This appeal followed.
(footnote: -6)
We first address plaintiff Long's argument that Earsey's failure to object to improper venue in the trial court precluded Strouse and Zipp Express, the two moving defendants, from raising such an objection.  Plaintiff maintains that Earsey's election not to attack venue raised a presumption that he agreed that he resided in Cook County at the time suit was filed.  This court has rejected a similar argument in 
Hines v. Dresser Industries, Inc.
, 137 Ill. App. 3d 7, 484 N.E.2d 401 (1985).  
In 
Hines
, a defendant which had failed to object to an improper venue 
was deemed to have waived the issue.  
Nevertheless, according to the 
Hines
 court, the defendant's waiver did not preclude another defendant in the case from making his own objection to improper venue, nor had the waiver transformed the improperly laid venue to a properly laid venue.  The 
Hines
 court stated that proper venue is an important personal privilege which any defendant has the right to either waive or assert.  
Hines
, 137 Ill. App. 3d at 9-11.  See also 
Gardner v. International Harvester Co.
, 113 Ill. 2d 535, 499 N.E.2d 430 (1986) (citing 
Hines
 with approval 
and noting that "waiver of improper venue by one defendant does not necessarily bind other defendants").  Accordingly, we find that Earsey's election not to object to improper venue did not preclude Strouse and Zipp Express from asserting improper venue.  We, thus, proceed to the merits of the issues raised in this appeal.

Strouse and Zipp Express first contend that the trial court abused its discretion by arbitrarily denying their motion to transfer venue.  They argue that no evidence supported the court's finding that Earsey was a resident of Cook County for purposes of establishing venue in Cook County.  They further argue that the trial court discounted Earsey's sworn testimony and erroneously relied upon the initially unsworn and unverified statement of plaintiff's investigator.  

Section 2--101 of the Code of Civil Procedure (Code) specifies that venue properly lies in the county of residence of any defendant or in the county where the cause of action arose.  735 ILCS 5/2--101 (West 1996).  The statute neither defines "resident" nor does it provide for dual residences.  In Illinois, the term "residence" is determined on a case-by-case basis.  See 
Webb v. Morgan
, 176 Ill. App. 3d 378, 386, 531 N.E.2d 36 (1988).  Residence is generally understood to include the intent of the party whose residence is in question as well as his permanency of abode and mere physical presence.  See 
Webb
, 176 Ill. App. 3d at 386.  The party's intent, the controlling factor, is gathered primarily from his actions.  See 
Webb
, 176 Ill. App. 3d at 386.  Residence also means residence at the time suit was filed rather than when process of service was made or when the incident arose.  See 
Wilson v. Central Illinois Public Service Co.
, 165 Ill. App. 3d 533, 537, 519 N.E.2d 44 (1988).  A trial court has broad discretion when determining venue, and its decision will not be overturned absent an abuse of discretion.  See 
Stambaugh v. International Harvester Co.
, 102 Ill. 2d 250, 263, 464 N.E.2d 1011 (1984).  

Strouse and Zipp Express, as the moving parties, were responsible for establishing the propriety of venue, and they had to demonstrate their entitlement to the ruling they requested.  See 
Weaver v. Midwest Towing, Inc.
, 116 Ill. 2d 279, 286, 507 N.E.2d 838 (1987).  We agree with the trial court that they failed to do either.  In reviewing the record, we find Earsey's testimony regarding his place of residence on April 23, 1996, to be ambiguous.  In his deposition and in answers to interrogatories, Earsey stated that he had lived in both Cook County and in Kankakee County during the past 10 years.  He also stated that he was residing in St. Anne, Kankakee County, Illinois, with his sister on April 23, 1996, and that he had paid a portion of the rent on his sister's mobile home.  He further stated, however, that he would stay in St. Anne "a month maybe" and then stay with Irene Branch in Cook County for "four, five weeks," where he paid the entire rent.  The address listed on his driver's license and car registration was St. Anne's, and he received mail in St. Anne.  He could not remember whether he received mail in Cook County.  Nor could he remember telling the plaintiff's investigator on April 24, 1996, one day after the accidents, that he had been living in Cook County for almost a year.

The record also discloses, however, sufficient evidence indicating that Earsey resided in Cook County in April 1996.  His Cook County residency, evidenced by his actions, manifested itself in several ways.  Irene Branch, Earsey's girlfriend, testified that Earsey had lived with her at 5318 West LeMoyne in Chicago, Cook County, Illinois, on April 23, 1996, and had continually done so for more than a year.  Branch stated that Earsey had visited his sister's residence in St. Anne, Kankakee County, Illinois, "just a couple times a week."  Branch further stated that Earsey had clothes at her Cook County residence and had paid for the groceries; he had paid most of the rent for her apartment for more than a year; and he had received both his mail and disability checks in Cook County.  The record further shows that Earsey was served with the summons and complaint in Cook County; he had sought medical treatment in Cook County; and he had stayed at the Cook County residency after the accidents.  

Contrary to the contention made by Strouse and Zipp Express, the record clearly indicates that the trial court considered the foregoing evidence and based its denial of the motion to transfer venue upon the totality of the evidence presented.  See 
Watkins v. American Service Insurance Co.
, 
260 Ill. App. 3d 1054, 1066, 631 N.E.2d 1349 (1994) (stating that a trial court's deliberations are limited to the evidence).  Accordingly, Strouse's and Zipp Express' argument that the trial court arbitrarily denied their motion is without merit.  

Strouse and Zipp Express next contend that the trial court abused its discretion by relying on an initially unsworn and uncertified court reported statement Earsey had made to plaintiff's investigator on April 24, 1996.  The investigator claimed in an affidavit containing Earsey's statement that Earsey had told him one day after the accidents that he had been living in Chicago for a year.  The investigator, however, failed to notarize the affidavit.  The trial court subsequently gave plaintiff leave to formalize the affidavit and certify the statement's veracity.  The affidavit read as follows: 

"l.  I am a licensed private investigator ***;

 2.  I was hired by Plaintiff's counsel *** as

part of my investigation work to take a statement of

Defendant, Earsey Gray;

3.  On April 24, 1996, I went to his apartment

at 5318 W. LeMoyne, Chicago, Illinois to take a 

court reported statement of Earsey Gray;

4.  On April 24, 1996, Earsey Gray told me that 

he was living at 5318 W. LeMoyne for almost a year." 

Strouse and Zipp Express argue that the reported Earsey statement is hearsay.   

Hearsay evidence is in-court testimony or written evidence of a statement made out of court offered as an assertion to show the truth of the actions contained in the statement.  See 
People v. Carpenter
, 28 Ill. 2d 116, 121, 190 N.E.2d 738 (1963).  A prior inconsistent statement, however, is not hearsay if offered for impeachment purposes and not for the truth of its contents.  See 
People v. Collins
, 49 Ill. 2d 179, 193-98, 274 N.E.2d 77 (1971); accord 
People v. Gant
, 58 Ill. 2d 178, 182-85, 317 N.E.2d 564 (1974).  

In the instant case, Earsey's prior statement to plaintiff's investigator that he was living in Cook County at the time suit was filed contradicted his later testimony that he was a resident of Kankakee County at the time suit was filed.  Plaintiff sought to offer the statement to impeach Earsey's credibility, and we find that the trial court properly considered the impeaching testimony and subsequently admitted the attested affidavit containing the statement as reliable firsthand evidence of a prior inconsistent statement.  But 
cf
. 
Hengels v. Gilski
, 127 Ill. App. 3d 894, 913, 469 N.E.2d 708 (1984) (an investigator's report did not constitute admissible evidence for impeachment purposes because the report failed to reflect adequate firsthand knowledge of the witness' statement).  We therefore find that the trial court did not abuse its discretion by relying on the statement Earsey had made to the investigator, and we hold that Earsey was a resident of Cook County at the time suit was filed.

Although Earsey's residency in Cook County was sufficient to fix venue in the county, we briefly address Strouse's and Zipp Express' contention that Zipp Express was not "doing business" in Cook County for purposes of venue.

Section 2--102(a) of the Code provides that "[a]ny foreign corporation *** 
is a resident of any county in which it *** is doing business."  735 ILCS 5/2--102(a) (West 1996).  A corporation will be considered as one doing business when it is "conducting its usual and customary business within the county in which venue is sought."  
Baltimore & Ohio R.R. Co. v. Mosele
, 67 Ill. 2d 321, 329-

30, 368 N.E.2d 88, 92 (1977).  A corporate defendant's activity must be of such a nature as to localize the business and make it an operation within the county.  See 
Baltimore
, 67 Ill. 2d at 329-30.  
The quantity or volume of business done by a corporate defendant in a county is a relevant consideration in determining, for venue purposes, whether the corporation should be deemed doing business in the county.  See 
Weaver
, 116 Ill. 2d at 286.

Here, an affidavit and answers to plaintiff's interrogatories reveal that Zipp Express, an Indiana corporation, delivered freight to 6 different Cook County locations and picked up freight at 13 different Cook County locations during April 1996.  This business activity generated revenue for Zipp Express totalling $146,922, a sum that represented 6% of Zipp Express' nationwide revenue of $2,414,406 in April 1996.  The invoices for the Cook County deliveries and pickups indicate that 87% were billed to and paid for by third parties outside of Cook County.  The record contains no information regarding Zipp Express' activities or revenues within Cook County for the months preceding and subsequent to April 1996.  Any doubts arising from the inadequacy of the record will be resolved against the moving parties.  See 
Foutch v. O'Bryant
, 99 Ill. 2d 389, 391-92, 459 N.E.2d 958 (1984); accord 
Alsup v. Sycamore Municipal Hospital
, 249 Ill. App. 3d 65, 69, 618 N.E.2d 895 (1993).  Based upon the record before us, we find that Strouse and Zipp Express failed to meet their burden of proving that Zipp Express was not conducting its usual and customary business within Cook County.      

We briefly note that the cases relied upon by Strouse and Zipp Express in support of their contention are distinguishable.  In 
Stambaugh
, the court considered an array of evidence regarding the Delaware corporation's product sales through independent dealers in the county in question.  Sales in the county for the year in question amounted to $2.6 million dollars.  This sum approximated only 5/100ths of 1% of the company's annual sales volume, a yearly percentage which the court found to be an insignificant fraction of the company's total sales.  This yearly figure falls well below the monthly 6% figure in the present case.  In 
Gardner
, a case presenting factual circumstances inapposite to the case at bar, the Delaware corporation's sales representatives had solicited orders totalling $2,250,000 worth of products to dealers in both the county and month in question.  The court held that even though venue is not established pursuant to soliciting sales, the defendant corporation's sales volume was, nevertheless, a small percentage of its overall sales.  
In 
Bucklew v. G.D. Searle & Co.
, 138 Ill. 2d 282, 291-92, 562 N.E.2d 186 (1990), the Delaware corporation's sales representatives had sold $289,760 worth of products to customers in both the county and year in question, which sum represented 2.5% of the company's annual sales of $11,502,379 in Illinois and 0.12% of the company's national annual sales of $244,760,000.  This percentage once again falls well below the 6% monthly percentage in the present case.

Unlike the corporate contacts involved in 
Stambaugh
, 
Gardner
, and 
Bucklew
, 
Zipp Express' contacts with Cook County were extensive enough to constitute the "doing of business" within the meaning of the venue statute.  Zipp Express' revenue generated from its freight pickups and deliveries was not a mere incidental portion of the company's total revenues for April 1996, and we find that its course of business within Cook County, represented by the volume of its pickups and deliveries, indicated that it had localized its business activities in Cook County for venue purposes.  We reject the argument made by Strouse and Zipp Express that more important indicia of doing business must include the location into which the contracts of carriage allegedly were entered as well as the site where Zipp Express allegedly received the revenue for the transactions.  Strouse and Zipp Express  have failed to both provide documentation augmenting this proposition and cite to supporting authority.  Accordingly, they have waived this argument.  See 
Mazur v. Hunt
, 
227 Ill. App. 3d 785, 793, 592 N.E.2d 335 (1992).  

Lastly, plaintiff's motion to strike a portion of Strouse's and Zipp Express' reply brief, which we had taken with the case, is moot in light of our disposition of this case.

For the reasons stated, we affirm the circuit court's order denying the motion to transfer venue.  

Affirmed.

CAHILL, P.J., and CERDA, J., concur.

FOOTNOTES
-6:     
Strouse's and Zipp Express' brief on appeal attacks only the venue portion of the trial court's ruling.