No. 2--05--0476 filed : 1/24/06

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| MARK LORENZ, a Minor, By His Father, Gary Lorenz, GARY LORENZ, and LESLIE LORENZ, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| | ) | |
| Plaintiffs-Appellees, | ) | |
| | ) | |
| v. | ) | No. 04--L--740 |
| | ) | |
| RIGOBERTO (JUAN) HERRERA, | ) | |
| | ) | |
| Defendant and Counterdefendant | ) | |
| | ) | |
| (Amanda Dayton, a Minor; Brian Dayton; and The Estate of Jill Dayton, Deceased, Defendants; Thomas Pledge, Defendant and Counterdefendant-Appellant; The McDonough County Sheriff's Department, Defendant-Appellant; Brian D. Dayton, as Special Adm'r of the Estate of Jill D. Dayton, Deceased, and Amanda L. Dayton, a Minor, By Her Father and Next Best Friend, Brian D. Dayton, Counterplaintiffs-Appellees; Thomas M. Pledge, as Deputy Sheriff of McDonough County, and Mike Johnson, as Sheriff of McDonough County, Counterdefendants-Appellants). | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Honorable Henry C. Tonigan III, ) Judge, Presiding. |

_____

JUSTICE McLAREN delivered the opinion of the court:

This court granted the petition of defendants Thomas Pledge and the McDonough

County Sheriff's Department (defendants) pursuant to Supreme Court Rule 306 (Official

Reports Advance Sheet No. 26 (December 24, 2003), R. 306, eff. January 1, 2004) for interlocutory appeal of the trial court's denial of their motion to transfer venue based on the principle of <u>forum non conveniens</u>, as well as the denial of their motion to transfer venue pursuant to section 2--103 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2--103 (West 2004)).  We affirm in part,  reverse in part, and remand the cause.

Plaintiffs, Mark Lorenz, Gary Lorenz, and Leslie Lorenz, were involved in a serious automobile accident with a McDonough County deputy sheriff who was pursuing a felon. The accident occurred in McDonough County.  As a result, plaintiffs filed a claim in Lake County.  In response, defendants filed their motions, requesting transfer of venue to McDonough County because causes of action are asserted against the local law enforcement authorities of McDonough County.

The review of a trial court decision on venue requires a two-step analysis: first, the trial court's underlying factual findings are reviewed deferentially and will not be disturbed unless those findings are against the manifest weight of the evidence; and second, the trial court's conclusion of law is reviewed <u>de novo</u>.  <u>Corral v. Mervis Industries, Inc.</u>, 217 Ill. 2d 144, 153-54 (2005), abrogating <u>Home Depot, U.S.A., Inc. v. Department of Revenue</u>, 355 Ill. App. 3d 370 (2005), <u>Southern & Central Illinois Laborers' District Council v. Illinois Health Facilities Planning Board</u>, 331 Ill. App. 3d 1112 (2002), <u>Johnson v. Compost Products, Inc.</u>, 314 Ill. App. 3d 231 (2000), and <u>Long v. Gray</u>, 306 Ill. App. 3d 445 (1999). Here, because the material facts are undisputed, we need review only the trial court's legal conclusions.

As to defendants' motion for change of venue to McDonough County based on the principle of <u>forum non conveniens</u>, we find that the request lacks merit.  Plaintiffs have

noted that the venue of Lake County was chosen because Lake County has multiple contacts with the case, including: the residency of plaintiffs; the residency of many of plaintiffs' witnesses; the residency of some of the named defendants; the residency of many of the fact witnesses; the residency of others who will likely be called as medical witnesses; and the location of the offices of most of the treating physicians. We determine that plaintiffs' numerous contacts with Lake County are more than sufficient to determine that the trial court's decision denying the motion for change of venue on that basis was not legally erroneous.

Defendants claim that proper venue lies in McDonough County pursuant to section 2--103 of the Code. However, plaintiffs argue that defendants waived their right to object to Lake County as the proper venue. Plaintiffs have overlooked the fact that defendants promptly filed their motion for change of venue pursuant to section 2--103 shortly after one of the defendants was dismissed from this case, as is allowed in section 2--104(b) of the Code (735 ILCS 5/2--104(b) (West 2004)). That section provides that, if a party is dismissed, another party may, in a timely manner, file a motion for change of venue. Additionally, unlike section 2--104(b), section 2--103 of the Code does not contain any provisions limiting the time for filing such a motion.

We are persuaded that McDonough County is the appropriate venue for the case to be heard because the sheriff's department, the sheriff, the deputy sheriff, and the county itself were originally included as named defendants. Even though McDonough County was dismissed on counterplaintiffs' motion to nonsuit the county as a defendant in the case, it is apparent that McDonough County, via the actions of the remaining defendants, would ultimately bear liability for any damages awarded to plaintiffs. Section 2--103(a) provides

that an action against a governmental corporation must be brought in the county in which its principal office is located or in the county in which the transaction or some part thereof occurred out of which the cause of action arose. 735 ILCS 5/2--103(a) (West 2004). Because the automobile collision occurred in McDonough County and because suit has been brought against public officials for whom McDonough County will bear responsibility, we determine that McDonough County is the appropriate county in which this case should be heard. A judgment rendered against any deputy sheriff who, while acting in his official capacity as a deputy sheriff, caused injury to the person or property of another is required to be indemnified by the county, thereby triggering section 2--103. Because it is apparent that McDonough County is the real party in interest and is the proper venue for this case, defendants' section 2--103 motion should have been granted.

The judgment of the circuit court of Lake County is affirmed as to the denial of the motion for change of venue based on the doctrine of <u>forum non conveniens</u> and reversed as to the denial of the section 2--103 motion for transfer of venue; and this cause is remanded with instructions that venue be transferred to McDonough County for further proceedings.

Affirmed in part and reversed in part; cause remanded with instructions.

HUTCHINSON and BYRNE, JJ., concur.